## ARTHUR R. LEEDOM V. STATE OF NEBRASKA.

### FILED MAY 7, 1908.    No. 15,451.

1. **Criminal Law:** INFORMATION: ELECTION. The information charged the defendant, a male person over 18 years of age, with having had illicit carnal intercourse with the prosecutrix, a female child under the age of 18 years, and not previously unchaste, on the 20th day of July, 1906, and upon various times and occasions subsequent to that date, and up to and including the month of November, 1906. On motion of the defendant the prosecutor elected in open court, and in the presence of the jury, to proceed to the trial and rely for a conviction upon the act of intercourse alleged to have occurred on the 20th day of July, 1906, as the substantive crime charged. *Held,* That the jury could not have been misled as to the specific charge submitted to them for their consideration.

2. ————: CORROBORATIVE EVIDENCE. Letters written by the defendant to the prosecutrix subsequent to the date of the crime charged in the information, and at a time when he was keeping her in a hospital awaiting her confinement, in which he spoke of her pregnancy and acknowledged himself to be the author of her unfortunate condition, were properly admitted in evidence as tending to corroborate her testimony on the question of the specific charge contained in the information.

3. ————: EVIDENCE. In such cases, evidence of other acts of sexual intercourse between the defendant and the prosecutrix, related in time, and subsequent to the act specifically charged in the information, is admissible for the same purpose.

4. ————: INSTRUCTIONS. Error cannot be predicated on the giving of an instruction which does not purport to cover the whole law of the case, when such instruction, read and construed with the rest of the charge, correctly states the law applicable to the evidence.

5. **Rape:** INSTRUCTIONS: CHASTITY. It is not necessary in a case of statutory rape for the court to charge the jury that, before a conviction can be had, the evidence of the prosecutrix that she was not previously unchaste must be corroborated. It is sufficient if the court instructs the jury that in such cases they must be satisfied by the evidence, beyond a reasonable doubt, that the prosecutrix was not unchaste previous to the act complained of.

6. ————: EVIDENCE. Evidence on the part of the state of the good reputation of the prosecutrix in the community where she lived

is not admissible in the first instance; but, where the defendant produces evidence assailing her character and tending to establish an act of lewdness on her part, evidence of her previous good character for chastity may be introduced to discredit such testimony.

7. Criminal Law: INSTRUCTIONS. It is not error to refuse instructions requested by the defendant where the court on his own motion has given the substance of such requests.

ERROR to the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*H. C. Vail* and *A. E. Garten,* for plaintiff in error.

*W. T. Thompson,* Attorney General, *Grant G. Martin, John C. Wharton* and *O. M. Needham,* contra.

BARNES, C. J.

At the October, 1907, term of the district court for Boone county an information was filed against one Arthur R. Leedom, hereafter called the defendant, charging in substance that in said county and in the state of Nebraska, on the 20th day of July, 1906, and upon various times and occasions subsequent to that date, and up to and including the month of November, 1906, the defendant, a male person of the age of 18 years and upwards, did assault and carnally know one Edith F. Mathews, a female child under the age of 18 years, and not previously unchaste. The defendant by demurrer challenged the sufficiency of the information on the grounds of duplicity and a misjoinder of offenses. The demurrer was overruled. Thereupon a plea of not guilty was interposed. A jury was impaneled, the trial proceeded, and, when the state commenced to offer its evidence, counsel for the defendant moved *ore tenus* that the prosecutor be required to elect upon which of the several offenses charged in the information he would proceed to trial and rely for a conviction. The record discloses that, thereupon, the following proceeding took

place: "By the Court: As the court understands the information, the time is fixed the 20th day of July, 1906, and any further dates referred to therein are offered only as corroborative proof of the crime charged as having taken place on the 20th day of July, 1906. With that statement as to the understanding of the court, the motion to elect may be overruled. Exception. By Mr. Vail: There has been no statement made in open court that the state is prosecuting for the statutory crime committed on the 20th day of July, 1906, and the information filed herein alleges a continuing offense from the 20th day of July, 1906, on various occasions subsequently to that date up to and including the month of November, 1906, and the defense at this time insists that it is fair to the defense to know from the lips of the state's attorney or those representing him that the state is only prosecuting on the charge of statutory rape alleged to have been committed on the 20th day of July, 1906. By the Court: The statement made by the court was based upon the argument of the counsel for the state made on this information, but the record may now show exactly what the state is contending for. The counsel for the state may state what their claim is in that regard. By Mr. Needham: The state will elect to stand upon the act of intercourse as occurring on or about the 20th day of July, 1906, in so far as that is the substantive crime is concerned. We will insist that we have a right to prove any acts after that as corroborative evidence. By Mr. Vail: The defendant at this time insists that the state be specifically limited to the 20th day of July, 1906. By the Court: As to these matters of corroborative evidence we will meet them when we come to them. The objections may be overruled. Exception." Thereafter the trial proceeded upon the theory thus outlined, and finally resulted in the following verdict: "We, the jury, duly impaneled and sworn in the above entitled cause, do find the defendant, Arthur R. Leedom, guilty in manner and form as charged in the information." The court, after

overruling defendant's motion for a new trial, sentenced him to imprisonment in the penitentiary for a term of six years, and he has brought the case here for review.

The defendant first contends that the information charged him with the commission of several separate, distinct and substantive crimes; that the jury were not advised or informed which one of the several offenses was submitted to them for consideration; that, therefore, some of the jurors might have found him guilty of one of said charges and others of some other offense, all of which was prejudicial to his rights, and he is, therefore, entitled to a new trial. We are constrained to say, however, that we do not so understand the record. That each act of sexual intercourse between the defendant and the prosecutrix was a separate and distinct crime, there can be no doubt; and, while we do not approve of the charging part of the information, yet, under the rule announced in *Lanphere v. State*, 114 Wis. 193, the form of the charge furnishes no ground for a reversal of the judgment in this case. It was there said: "The failure of the court to strike from the information the useless words, 'and on divers other days and times between the said 4th day of August and the 1st day of September, A. D. 1898,' was not prejudicial to the rights of the accused. The words were mere surplusage. The naming of a day certain was essential, and that was satisfied." The information there was like the one in the case at bar, and the court treated the words, "and on divers other days and times between said 4th day of August and the first day of September, A. D. 1898," as mere surplusage, and not at all prejudicial to the rights of the accused. Again, we think it may be said, strictly speaking, that the information charges but one offense, to wit, that of July 20, 1906. No other date, time or place is alleged, and yet, if we were at all in doubt as to whether or not the defendant was prejudiced by the form of the information, the rulings of the court thereon, or the manner in which the trial was conducted, we would not hesitate to reverse the judgment

and grant the defendant a new trial. It appears, however, in addition to what has already been said, that in open court, and in the presence of the jury, the prosecuting attorney elected to, and stated that he would, rely on the charge of July 20, 1906, and none other, for conviction. As above stated the trial proceeded on that theory and with that understanding. The state made its proof of the crime committed on that date, and introduced no evidence as to the date of any other or different offense, and it seems to have been clearly understood by the court and jury that the evidence, such as it was, of other acts of a like nature between the defendant and the prosecutrix, of her pregnancy, and the letters written to her by the defendant acknowledging himself to be the author of her unfortunate condition, were introduced for the sole purpose of corroborating her testimony as to the principal and specific charge contained in the information. It further appears that the court, in one of the instructions, told the jury that, if the prosecutrix had ever had unlawful, voluntary sexual intercourse with a male person before *the act* complained of, then she was not chaste within the meaning of the law, thereby directing their attention to the single and specific charge upon which the defendant was being tried. We think it clearly appears from the record that the jury could not have been misled in this case. Indeed, we may say that no one of ordinary intelligence could have had any doubt as to the particular charge that was submitted to the consideration of the jury.

It is next contended that the district court erred in admitting the letters of the defendant to the prosecutrix, designated as exhibits "A," "B," and "C," in evidence, for the reasons stated in the objections thereto at the trial, which read as follows: "The defendant objects to the introduction of exhibits A, B, and C offered by the state, for the reason that the state has elected to rely upon the alleged act of intercourse of July 20, 1906, and there is no evidence in the record that the pregnancy testified to

in this action was the result of such act of intercourse, and there is no reference in the exhibits referring to any acts of intercourse on or about the date of July 20, 1906. The defendant objects to the introduction of any further evidence in regard to pregnancy, or the delivery of the child." It appears that the letters in question were written to the prosecutrix by the defendant while he was keeping her at a hospital in Council Bluffs, and later on at a place in Omaha, awaiting her confinement, and that they contained the incriminating admissions and statements above mentioned. It is argued by counsel that this evidence did not relate directly to the specific act of July 20, 1906. While this is true, yet they were admissible under the rule announced in *Woodruff v. State,* 72 Neb. 815. It was there said: "The fact, if it be one, that the evidence tends to prove another and independent crime does not necessarily determine its admissibility as evidence of the crime charged in the case at bar. The determinative question is, is it relevant and pertinent in establishing the offense charged, and does it throw some light on that controversy and assist in the ascertainment of the truth in respect of such charge? We feel confident in the correctness of our position in saying that it does; and, if believed, the evidence is corroborative of the ultimate fact sought to be proved; that is, the act of sexual intercourse as charged in the information." That this evidence was introduced solely for the purpose of corroborating the prosecutrix as to the principal fact of her having had sexual intercourse with the defendant on the 20th day of July, 1906, was well understood; and it, as well as other acts of the same kind, which were related in time, and took place subsequently to the one specifically charged in the information, was admissible for that purpose. *People v. Mathews,* 139 Cal. 527, 73 Pac. 416; *State v. Robertson,* 121 N. Car. 551, 28 S. E. 59; *Smith v. Commonwealth,* 109 Ky. 685, 60 S. W. 531; *Sykes v. State,* 112 Tenn. 572, 82 S. W. 185; *State v. Borchert,* 68 Kan. 360, 74 Pac. 1108.

It appears that the court on his own motion gave the jury the following instruction numbered 9: "You are instructed that under the law a girl under the age of 18 years is incapable of consenting to an act of sexual intercourse, and that in the prosecution for rape upon such a girl it is immaterial whether or not she gave consent to such sexual intercourse." Error is assigned for the giving of this instruction. It is argued that, as it omits to state that the prosecutrix must be under 18 years of age, and not previously unchaste, it was equivalent to telling the jury that her previous unchastity made no difference in the case. The rule is that it is the duty of a reviewing court to read all of the instructions and construe them together. By so doing, we find that the court did not attempt to state all of the law applicable to the case by the instruction complained of, but, on the contrary, the jury were elsewhere instructed: "Unless you believe, beyond a reasonable doubt, that Edith F. Mathews had sexual intercourse for the first time with this defendant, and never had sustained such relation with any other man than the defendant, you must find the defendant not guilty." We also find that this charge was repeated, in substance, in several other paragraphs of the instructions. So the defendant's contention on this point is not well founded.

Complaint is made of instructions numbered 12 and 13, not because of anything contained in them, but because they fail to state that there was no corroborative evidence that the prosecutrix was not previously unchaste. It is claimed that such corroboration was necessary. We are satisfied that such an instruction was not warranted by the evidence, and, further, we are not advised that any court has held such corroboration necessary. We have taken as advanced grounds on this question as any court by our former holding that the jury in such cases must be satisfied by the evidence, beyond a reasonable doubt, that the prosecutrix was not previously unchaste; yet we are now urged to go further and hold that her testimony

on that point must be corroborated by other competent evidence. The only case cited by counsel in support of this request is *Zabriskie v. State*, 43 N. J. Law, 640, 39 Am. Rep. 610. An examination discloses that the defendant in that case was prosecuted for seduction, and the statutes of that state, in effect, placed that burden upon the prosecution; therefore that case is not authority in cases like the one at bar. We are of opinion that the court did not err in failing and refusing to so instruct the jury.

By instruction numbered 17 the jury were told that the evidence as to the reputation of the prosecutrix in the community where she lived prior to July 20, 1906, was not admitted upon the issue involving her character, but only to discredit the testimony tending to establish the act of lewdness testified to in behalf of the defense. Complaint is made of the giving of that instruction. Authority for the admission of such evidence is not wanting. See *Woodruff v. State, supra,* and *State v. Prizer,* 49 Ia. 531. The evidence being admissible for that purpose only, and not to establish general reputation for good character, it was proper to so inform the jury.

Finally, the defendant contends that the court erred in refusing instructions numbered 7, 8, 10, and 11, tendered and requested by him. We have examined each of those requests, and find that some of them were properly refused because they were not a correct statement of the law, and that such as were correct in that respect were given by the court on his own motion. So we are satisfied that there was no error committed in giving and refusing instructions.

As we read the record, the fact of defendant's illicit intercourse with the prosecutrix on the 20th day of July, 1906, is not seriously questioned, and the only substantive defense interposed by him was her alleged previous unchastity. The defendant was given full opportunity to establish that fact if it existed. The jury, after hearing the evidence and being properly instructed by the

court on that point, resolved that issue against him, and we think rightly so. We are impressed with the fairness of the trial, and find no reversible error in the record.

The judgment of the district court is

AFFIRMED.