### ANDREW DAY v. STATE OF NEBRASKA.

FILED OCTOBER 18, 1918.   No. 20561.

Rape: CORROBORATIVE EVIDENCE: INSTRUCTIONS. Defendant was charged
with the crime of statutory rape. He testified in his own behalf
and denied that he committed the act. The court, among others,
submitted this instruction: "The jury are instructed that in
this case there must be testimony on behalf of the state corroborat-
ing the testimony of the witness, May Bader, to justify a convic-
tion, but it is not essential to a conviction that she should be
corroborated by the testimony of other witnesses as to the par-
ticular act constituting the offense. It is sufficient if she be
corroborated as to material facts and circumstances which tend
to support her testimony, and from which, together with her
testimony as to the principal fact, the inference of the guilt of
the defendant may be drawn." Evidence examined, and the giv-
ing of the instruction *held* to be without error; and *held* that
the verdict is supported by the evidence.

ERROR to the district court for Boone county: GEORGE
H. THOMAS, JUDGE. *Affirmed.*

*Vail & Flory,* for plaintiff in error.

*Willis E. Reed, Attorney General, Orville L. Jones*
and *W. J. Donahue, contra.*

DEAN, J.

Defendant was convicted under section 8588, Rev. St.
1913, of the crime of statutory rape, and sentenced to
serve a term of not less than three years in the peni-
tentiary. He prosecutes error.

It is argued that the verdict is not supported by the
evidence; that the testimony of May Bader, the prose-
cutrix, is not corroborated, and that the court therefore
erred in giving the instruction numbered 11 that ap-
pears in the syllabus.

Defendant was twenty-six. May Bader was fourteen.
She was working at an Albion hotel when defendant
called on her there at about 7 o'clock on Sunday evening

December 16, 1917, and on his invitation she went carriding with him and a young man named Fox a few miles into the the country, to a place where a sixteen-year-old girl friend of Fox and the prosecutrix was working. The party returned to Albion at about 8 and went together to an unoccupied three-room apartment that had recently been rented by Fox and his mother, but into which they had not yet moved. In this apartment, unfurnished except for some chairs, a cabinet, and a stove, defendant and May Bader and Fox and his girl companion remained from 9 at night until about 6 the next morning.

The prosecutrix testified that she and defendant occupied one of the rooms, and that he there had sexual intercourse with her. She said that Fox and the other girl occupied another room. The latter testified that, by the aid of a flashlight, she saw defendant and the prosecutrix lying on the floor in a compromising position. It is seldom that the offense in this class of cases is so clearly proved.

Respecting corroboration, it appears that shortly after his arrest defendant made a voluntary statement to the sheriff that in effect corroborated the evidence of the prosecutrix as to the principal fact constituting the crime. There was other corroborative evidence tending to support that of the prosecutrix on the same point that it is not necessary to discuss here.

The instruction appearing in the syllabus was given by the court. Defendant in his testimony denied that he had sexual intercourse with the prosecutrix. It was not error to give the instruction. *Hammond v. State,* 39 Neb. 252.

The testimony of the prosecutrix was amply corroborated. Reversible error does not appear in the record. The judgment is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.