Nabower v. State.

---

FERDINAND NABOWER v. STATE OF NEBRASKA.

FILED MARCH 25, 1921. No. 21718.

1. **Rape: CORROBORATIVE TESTIMONY.** In a prosecution charging rape, other direct testimony than that of the prosecutrix as to the particular act is not essential, where there is corroboration of other surrounding facts and circumstances, which support her testimony against the accused as to the particular act, and identify the accused as the guilty party, and where the evidence, taken altogether, is sufficient to satisfy the jury, beyond a reasonable doubt, of the guilt of the accused.

2. ———: CHASTITY: BURDEN OF PROOF: INSTRUCTIONS. In a prosecution charging statutory rape upon a girl between the ages of 15

and 18 years, the burden is upon the state to affirmatively prove the previous chastity of the prosecutrix, and, where the defendant introduces testimony attacking or reflecting upon her character, it is error for the trial court to refuse to instruct upon the matter of consent as a defense, should there exist a reasonable doubt as to previous chastity.

3. ――――: ――――: ORDER OF PROOF. Though evidence, on the part of the state, of the good reputation of the prosecutrix in such a case is not, in the first instance, admissible, yet where the defendant produces evidence assailing her character, evidence of her good reputation for chastity may then be introduced by the state to discredit such testimony.

4. ――――: ――――: EVIDENCE. In such an action proof that the defendant, on the day previous to the act charged, had committed a similar act upon prosecutrix is not available to him to show that at the time of the act charged prosecutrix was not of chaste and virtuous character, since the defendant is precluded from setting up his own crime to avoid the application of the statute.

ERROR to the district court for Adams county: WILLIAM A. DILWORTH, JUDGE. *Reversed.*

*J. E. Willits,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes,* contra.

FLANSBURG, J.

This was a criminal prosecution for statutory rape, charged to have been committed by defendant upon a 15-year old girl of previous chaste character. Defendant was found guilty.

The sufficiency of the evidence as to corroboration is questioned. Testimony in behalf of the state is that prosecutrix was acting as a maid at a hotel, owned and operated by her grandparents, in the town of Prosser, Nebraska. Defendant roomed and boarded at the hotel, and the prosecutrix testifies that on February 18, 1920, defendant met her in the office at noontime, closed and locked the door, and forcibly had intercourse with her; that at this time her grandmother was in the adjoining room, and, though after the act had been committed prosecutrix immediately

went into the room where her grandmother was and re-
mained there to help with the dishes and do other work,
she said nothing of what had happened.  Defendant in his
testimony admits having seen the prosecutrix at the time
and place alleged, but denies the act charged.  It is not
disputed, however, that within 15 or 20 minutes after the
act is alleged to have taken place defendant and prosecutrix
took a train for Hastings, with the intention of being
married.  It appears that they had previously spoken some-
what lightly of running off together, and prosecutrix tes-
tified that the defendant at the train told her that after
what had been done they would better be married to avoid
trouble.  They were unable, because of the tender years
of the girl, to procure a marriage license at Hastings, and
went on to Grand Island, where a license was procured
and a marriage ceremony performed.  Immediately after
the ceremony, on going out upon the street, they were
apprehended by the police and held until the parents of the
girl arrived.  A physician, who examined prosecutrix the
day after she was brought home, testified that her parts
were bruised and torn, and that it appeared intercourse
had recently taken place. The testimony of the justice of
the peace was that at the preliminary defendant denied
that he was guilty of rape, but said he might be guilty of
an attempt to commit rape and desired to fix the matter
up.  The testimony of the justice is corroborated to some
extent by that of the sheriff and of the chief of police,
who were present at the preliminary.  Defendant, however,
entered a plea of not guilty to both the charge of rape and
to the charge of an attempt to commit rape.

Other direct testimony than that of the prosecutrix, as
to the particular act which constitutes the offense, is not
essential, where there is corroboration of other surround-
ing facts and circumstances which support her testimony
against the accused as to the principal fact and indentify
the accused as the guilty party, and where the evidence,
taken altogether, is sufficient to satisfy the jury, beyond' a
reasonable doubt, of the guilt of the accused. *Kotouc v.*

*State,* 104 Neb. 580; *Day v. State,* 102 Neb. 707; *Hammond v. State,* 39 Neb. 252. Under this rule, there was clearly sufficient corroboration of the testimony of the prosecutrix to sustain the conviction.

The instruction given on corroboration is complained of. In that instruction the court said: "If she (prosecutrix) is corroborated by a witness or witnesses as to circumstances leading up to or following the commission of the offense, and you are convinced beyond a reasonable doubt, by all the evidence, that the act has been committed as alleged in the complaint, then it will be your duty to find the defendant guilty." The objection to this instruction seems to be well taken. It is not the proof of any facts or circumstances "leading up to or following" the commission of the offense which may constitute corroboration, for, obviously, many of such facts and circumstances would have no significant bearing upon the question of the guilt of the accused. It is only proof or corroboration of such peculiar facts and circumstances as point to the guilt of the accused that can be considered as legal corroboration of the story of the prosecutrix. Where there are no facts or circumstances of such a kind, there could be no corroboration. See *Gammel v. State,* 101 Neb. 532.

Error is further predicated upon the ground that many of the court's instructions assumed the previous chastity of prosecutrix, and that the court did not direct the jury that, in case of a reasonable doubt existing upon the question of whether the prosecutrix was chaste at the time of the act charged, a finding that she consented to the act would constitute a defense. Though the court instructed that the burden was upon the state to prove the previous chastity of the prosecutrix, and that, in a prosecution for rape upon a girl "under 18 years of age and over 15 years of age, who is of previous chaste character, it is not necessary to prove that the act was done against her will, and the fact that she consented or resisted is immaterial," the remainder of the instructions of the court apparently assumed that the chastity of the prosecutrix was not in

issue, and that it would, therefore, not devolve upon the jury to consider the question of consent or resistance, and the instruction tendered by the defendant, fully covering that matter, was, upon that apparent theory, refused.

The evidence attacking the chastity of the prosecutrix, it is true, was not convincing. The circumstances, however, under which the act was committed, and the fact that prosecutrix, with no explanatory reason given, made no complaint to her grandmother tended strongly against her testimony that the act was forcibly done. Whether or not she yielded to the act would alone tend to throw some light upon her character. There was also evidence tending to show how she had conducted herself on certain occasions with other men. This evidence, construed in one light, would tend to reflect upon her character, while, on the other hand, the circumstances shown might reasonably have been considered consistent with innocence. The inference to be drawn from this evidence, however, was for the jury. Were we called upon to pass on that issue of fact, we would not hesitate to say that the defendant had failed in his attempt to prove that prosecutrix was of previous unchaste character, but it was only necessary that the defendant introduce sufficient testimony as would give rise to a reasonable doubt as to the previous chastity of the prosecutrix, and the question of that reasonable doubt was for the jury and not for the court to decide. Though the evidence presented by the defendant, upon that question, may have appeared to the court to be weak and inconclusive, yet it was offered in support of a defense, relied upon by the defendant, and it was an issue to be proved by the state beyond a reasonable doubt, and a matter which it was the duty of the court to submit for consideration to the jury. 16 C. J. 1046, sec. 2486. The court's instructions, therefore, assuming that the jury would not go beyond the question of the previous chastity of the prosecutrix, and the refusal of the court to charge the jury upon the matter covered by the instruction tendered by the

defendant, which was to the effect that, if the jury should not be satisfied beyond a reasonable doubt as to the chastity of the prosecutrix, it would then be necessary, in order to convict, to find that the act charged had been done by force and without her consent, were erroneous.

Error is assigned upon the ruling of the trial court in allowing testimony to be introduced by the state, in its case in chief, to prove that the prosecutrix had a good reputation for chastity. The question of the previous chastity of the prosecutrix was, it is true, a matter for affirmative proof by the state. *Hubert v. State,* 74 Neb. 220; *Dallas v. State,* 76 Fla. 358; note, 3 A. L. R. 1462. The direct testimony of prosecutrix, however, made a *prima facie* case on that issue, and evidence of reputation for chastity could not properly be introduced by the state until the character of the prosecutrix had been attacked. It is probable, however, that no prejudice resulted from the introduction of this testimony, though at that time erroneously admitted (*Mc-Queary v. People,* 48 Colo. 214), since it is the rule that, where the chastity of prosecutrix is attacked and testimony is introduced of circumstances tending to reflect upon her character, the state may then introduce evidence of her good reputation for chastity as a matter of rebuttal, and as bearing upon the question of the unlikelihood of her having committed those acts which it has been sought to prove by the defendant's testimony. The testimony of good reputation, though inadmissible in the first instance, would, in this case, have been admissible on rebuttal. *Leedom v. State,* 81 Neb. 585; *State v. Cook,* 207 S. W. (Mo.) 831; *Woodruff v. State,* 72 Neb. 815.

A further contention is made that the testimony of the prosecutrix shows another act of intercourse between herself and the defendant on the day previous to the act charged and under similar, if not almost identical, circumstances, and that such showing is conclusive proof that prosecutrix was unchaste on the day in question.

In the case of *Bailey v. State,* 57 Neb. 706, it is held that a prior act of intercourse between the defendant and

prosecutrix, when committed in another jurisdiction, may be shown as proof of the unchastity of the prosecutrix at the time of the subsequent act charged, but by dictum in that case, approved in *Blair v. State,* 72 Neb. 501, it was declared that, had the first act of defilement occurred in the state of Nebraska, it would have constituted a part of the crime charged, based upon the subsequent act, and, being within the statute of limitations, would have been no defense.

In the case under consideration, it seems clear that the defendant would be precluded from setting up his previous crime to avoid the application of the statute, and from successfully contending that the prosecutrix, by reason of his own act, was not of chaste and virtuous character. *State v. Sargent,* 62 Wash. 692; *Branham v. State,* 16 Okla. Cr. Rep. 308; *Castleberry v. State,* 10 Okla. Cr. Rep. 504. In the case of *State v. Sargent, supra,* the court said (page 695) : "If appellant's contention is to be sustained, to the effect that he cannot be convicted for any subsequent act committed within the same calendar month, it would then be impossible to convict any defendant of the commission of this crime, upon the person of a female child over 15 and less than 18 years of age, unless the state relied upon the first act only and was able to produce other evidence to corroborate the testimony of the prosecuting witness as to that particular act. Such a holding would practically remove that protection with which the statute seeks to clothe female children of chaste character between 15 and 18 years of age."

By reason of the error in the instructions and the refusal to instruct, as above indicated, we are of opinion that the defendant is entitled to a new trial. The judgment of the lower court is reversed and the cause remanded for further proceedings.

REVERSED.

ROSE, J., dissents.

LETTON, J., not sitting.