EDWARD V. ROBBINS v. STATE OF NEBRASKA.

FILED JULY 7, 1921.   No. 21771.

1. **Rape:** CORROBORATIVE EVIDENCE. In a prosecution charging rape, other direct testimony than that of the prosecutrix, as to the particular act which constitutes the offense, is not essential to make a corroboration of her story, but corroboration may consist of the proof of such surrounding facts and circumstances as will support her testimony against the accused as to the principal fact, and as will identify the accused as the party guilty of the crime. It may consist of circumstantial evidence. The conduct and demeanor of the accused may furnish such corroboration.

2. **Criminal Law:** REFUSAL OF INSTRUCTION. Instructions examined, and *held*, no error in the refusal to give an instruction, since it was sufficiently covered by an instruction given by the court upon its own motion.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE.   *Affirmed.*

*Clifford L. Rein*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *J. B. Barnes*, contra.

Heard before MORRISSEY, C.J., DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

FLANSBURG, J.

This was a criminal prosecution charging statutory rape. Defendant was convicted and appeals.

The principal contention is that the testimony of the prosecuting witness is not sufficiently corroborated. The prosecuting witness was a girl, 9 years of age, who lived with her parents and small brothers on a farm near Carroll, Iowa. The defendant, a man 64 years of age, and a friend of the family, had been temporarily living at this home. He was previously employed as a conductor for a

freight elevator at Armour's, in South Omaha, and prior to that time had been buying and dealing in horses. On March 8, 1920, he told the mother of the girl that he would like to take the girl to Omaha for a few days, to show her the city and buy her some clothes. He stated that he had a married niece living there, with whom he would provide that the girl should stay. The girl's testimony is that defendant took her to Omaha, and, after going to a picture show, took her to his rooms, instead of to the home of his niece, and that, on that night and on the following night, he slept with and had intercourse with her. On the second day that they were in Omaha they went to visit the defendant's niece, but the girl was not left there for the night. Defendant's testimony is that on both nights the girl insisted that she stay with him and refused to go to his niece's home. That such was the fact, the girl flatly denies. The defendant purchased for her a dress and hat and shoes; and on the third night, at about 10 p. m., immediately after entering the defendant's rooms, they were arrested. The day after the arrest the girl was subjected to a physical examination by a physician, whose testimony shows that her hymen had been recently ruptured; that her parts were bruised, congested and swollen. The defendant immediately upon his arrest, and also at the trial, stated that he had not abused the girl, and that he had not slept in the same bed with her, but had thrown a mattress upon the floor, along the side of the bed, and slept on that. The officers who entered the room and made the arrest, and to whom the defendant immediately related that he had slept on the floor, testified that there was no mattress on the floor, and that they saw none in the room, except that upon the bed. The defendant further testified that two months prior, and also two days prior, to his taking the girl to Omaha, he had come upon and seen her with her 16-year-old brother in the act of intercourse in the barn on the farm in Iowa, but that he had said nothing to either of them about it, and had not reported it to their parents.

Robbins v. State.

When, however, the girl was with him at night in his room at Omaha, he said that she had talked to him of these acts and had stated that her brother was "con-stantly after her," and that he had then scolded her about it. The girl, on the other hand, positively denies that she had committed such acts, or that she had had any such conversation with defendant.

The mere fact, standing alone, that a mature man and a 9-year-old girl, a mere infant, incapable of making sexual appeal to any man who was not shown to be abnormal, had slept in the same room or in the same bed together, would not, in the light of no incriminating circumstances, raise any presumption of fact that intercourse had taken place, or even be corroborative of a charge, made by the girl, that such an act had been committed upon her. It is necessary that there be some evidence of an incriminating character, more than such mere opportunity to commit the crime, which, aside from the statements of the prose-cuting witness, must point to its commission and to the identity of the accused as the person who has committed it.

There was, no doubt, sufficient evidence to submit to the jury the question of whether or not a crime had been committed. The testimony of the girl that she had been abused, together with a showing of her physical condition and the testimony of the physician who examined her, was enough to justify the submission of that question to the jury, but the question here presented is whether or not there is sufficient evidence, apart from the story of the girl and apart from that evidence, which goes alone to the proof of the *corpus delicti,* which will point to the defendant as the guilty party.

Other *direct* testimony than that of the prosecutrix, as to the particular act which constitutes the offense, is not essential to make a corroboration of her story, but cor-roboration may consist of the proof of such surrounding facts and circumstances as will support her testimony against the accused as to the principal fact, and will identify the accused as the party guilty of the crime. It

may consist of circumstantial evidence. *Nabower v. State,* 105 Neb. 848; *Kotouc v. State,* 104 Neb. 580; *Day v. State,* 102 Neb. 707; *Hammond v. State,* 39 Neb. 252.

The conduct and demeanor of the accused may furnish corroboration. The accused here procured the company of this little girl to Omaha, under the representation that she would be placed in the keeping of his married niece; this representation proved to be false. When arrested with the girl, he explained that he slept upon the floor on a mattress beside her bed; but there is direct evidence, other than the testimony of the prosecuting witness, to show that that statement was also false. It is, at least, an unreasonable story. If the accused thought of this girl only as an infant, there was no occasion for him to sleep upon the floor. If, from his viewpoint, it was an occasion when he should not sleep with her, then it was also improper for him to have the girl sleeping in his room. He testified that he had seen the girl at two different times in the act of intercourse with her brother. If that story was true, and he considered her a girl who was being and could be subjected to that abuse, it is a matter of some incriminating aspect that he should fail to reprimand her, or disclose the fact to her parents, and should, himself, immediately take her to Omaha and keep her at his sleeping quarters for two successive nights, being able to, and when he had represented that he would, leave her with his niece. If his story that he had previously seen the girl in the act of intercourse was thought by the jury to be untrue, then the story could only have been used with the purpose of serving as a shield to himself and of furnishing an explanation of the physical condition of the girl by placing the blame upon another. Furthermore, the testimony of the physician shows that at the time that the physical examination was made it appeared that the girl had been recently abused. For the full period of four days previous to this examination, the accused appears to have been the only man who could have had opportunity to commit the act.

Robbins v. State.

We believe there is sufficient in the record to furnish the necessary corroboration. *Dawson v. State*, 96 Neb. 777; *Fager v. State*, 22 Neb. 332.

The defendant testified that he was impotent and that no evidence was introduced in dispute of that fact. His story, in the manner of its telling, would not inspire belief. He stated he had been injured by a locomotive engine leaving the track, and by being kicked by a horse. The details of these accidents, or the nature of the injuries sustained, are not explained, and no medical testimony was introduced. The testimony of the prosecuting witness and the corroborating circumstances, however, indicate that defendant was not impotent, and that he committed the crime charged. The issue of fact was for the jury.

Defendant further complains that the court refused to give a requested instruction on corroboration, which pointed out specifically that the prosecuting witness could not, by her own statements, corroborate herself. Though it would have been quite proper and, perhaps, advisable to have given the requested instruction, we find no error in the court's refusal to give it, since the matter of corroboration was covered by instructions given. The court instructed, in substance, that there must be testimony on behalf of the state corroborating the testimony of the prosecuting witness, and that in such corroboration, though it was not necessary to furnish, by other witnesses, direct proof that the act was committed, it would be sufficient to show by them such surrounding facts and circumstances as would support her testimony as to the principal fact, and lead to the inference of defendant's guilt.

The judgment of the lower court is therefore

AFFIRMED.