Lewis v. State.

fore adopted in the case under consideration, *ante,* **p.** 650, is adhered to, and the motion for rehearing is

OVERRULED.

### EDWARD P. LEWIS V. STATE OF NEBRASKA.

FILED JUNE 9, 1927.   No. 25843.

1. Record examined, and *held* sufficient to sustain the verdict.
2. Rape: CORROBORATIVE EVIDENCE. ."Where, .in a prosecution for assault with intent to commit rape, prosecutrix testifies unequivocally to facts which would constitute the offense, a sufficient corroboration is shown if opportunity and inclination, on the part of the defendant, to commit the offense are shown, and the circumstances proved by other witnesses tend to corroborate the testimony of prosecutrix." *Aller v. State,* 114 Neb. 59.
3. Criminal Law: EVIDENCE: OBJECTIONS. "Where, in a prosecution for assault with intent to commit rape, the articles of clothing, worn by the prosecutrix at the time of the assault, are fully identified and offered in evidence, an objection that no sufficient foundation has been laid is insufficient to raise the question as to whether the clothing is in the same condition that it was immediately' following the assault. Such an objection, to be availing, should challenge the trial court's attention to the specific ground for objection to the introduction of the articles." *Aller v. State,* 114 Neb. 59.

ERROR to the district court for Box Butte county: WIL- LIAM H. WESTOVER, JUDGE. *Affirmed.*

*Boyd & Metz,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOSS, C. J.

The defendant was convicted of assault with intent to commit rape, was sentenced to a term of years in the penitentiary, and has brought the case here for review upon

o

his petition in error.  He assigns as errors that there was
not sufficient evidence to sustain the verdict and that the
court erred in three cited instances in admitting evidence.

Testimony was submitted to the jury showing the fol-
lowing:   Rachel Roach, the prosecutrix, lived with her
husband and children near the railroad viaduct in Alli-
ance.   Shortly after 6 o'clock on the morning of July 10,
1926, the defendant, Edward P. Lewis, and Ted Moran
(who was tried jointly with Lewis and convicted also),
driven in a car by Millard Donovan, called at the Roach
home, just as the family was getting up, and said they
wanted to talk to Mr. Roach.   He dressed and went out-
side a few minutes to talk to them.   The next time she
saw them was about 10:30 in the forenoon.   Her hus-
band had left for his work and her five children had gone
to a neighbor's to play.   She was alone in her kitchen roll-
ing out pie crust.   The kitchen door was open.   Moran
entered, remarked that he had left his hat there earlier in
the day, and passed through the living room into the bed-
room.   He returned immediately, and as he passed behind
her he grasped her about the waist, giving expression to
his intent to assault her, lifted her and carried her into
the bedroom, where he threw her on the bed.   By that time
the defendant, Lewis, was in the room.   She kicked and
made an outcry, but her mouth was covered and her arms
were pinioned by Moran.   The defendant, Lewis, tried to
aid Moran by removing her bloomers, and likewise indi-
cated his own criminal intent toward her by his language.
By that time the third man, Donovan, had entered the room.
Lewis tore the bloomers, but prosecutrix resisted so vigor-
ously that they were unable to accomplish their purpose.
She escaped from the room with Moran clinging to her
dress.   He caught her again in the living room.   She hit
him in the face and he slapped her and threw her down on
her back.   She called to Donovan to help her and he pulled
Moran off.   She ran from the room and house to the home
of a neighbor, Mrs. Fredericks, who telephoned for the

police. · Mr. Fredericks, a switchman who works nights, was at home. . He testified that Mrs. Roach's hair was mussed up and she had a scratch around her neck. The chief of police, who responded to the telephone call with the sheriff and others, testified that she was nervous and crying, and testified that prosecutrix had spots on her cheek, a bruise on her cheek bone, finger nail scratches on her neck, and black and blue marks on one of her arms. The sheriff testified somewhat generally along the same line.

The defendants Moran and Lewis categorically deny all of the testimony of the prosecutrix tending to prove an assault, and Donovan supports them so far as he was connected with their movements and actions.

"The law does not require that the prosecutrix be corroborated by other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Aller v. State,* 114 Neb. 59.

In the light of the law and the evidence, the case was for the jury. The court committed no error in submitting it to the jury and in overruling the assignment of error relating to the sufficiency of the evidence. There was ample evidence to show the evil intent of the defendant. The corroboration was sufficient.

Defendant complains that the court erred in admitting the torn bloomers and torn dress in evidence over his objections that they were incompetent, irrelevant and immaterial, and that no foundation had been laid. It should be borne in mind that Mrs. Roach had testified, without objection, when asked to examine the bloomers, that they were not torn when the men arrived, and that they were torn by Lewis; and had likewise testified, without objection, when asked to examine the dress, that it was not torn when the men arrived, and that it was torn by Moran. She testified that she wore those bloomers and that dress when

the men came and she identified the particular tears shown
as the tears made by the respective defendants. The ob-
jection made by defendant was too indefinite. It did not
challenge the court's attention to the specific objection that
is now urged. *Aller v. State,* 114 Neb. 59.

We conclude that the judgment should be, and it is

                                        AFFIRMED.