## MAURICE PETERSON v. STATE OF NEBRASKA.

### FILED DECEMBER 9, 1927. No. 25906.

*R. O. Canaday,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

The defendant was convicted of rape upon a female of less than 15 years of age, and sentenced to a term of 5 years in the state reformatory for men. From this conviction and sentence, he appeals.

The defendant presents, as first ground for reversal, the failure of the district court to grant a change of venue.

Thirty-one affidavits were filed in his behalf. A number of counter affidavits were presented in resistance of this motion in behalf of the state. The district court then withheld its ruling until after the examination of the jury upon *voir dire* had been completed. Then, after consideration of the evidence furnished by the examination of the jury, in connection with the affidavits presented, the court denied the motion for change of venue.

The matter of granting of a change of venue in a criminal action is largely resting in the sound discretion of the trial court, and, unless such discretion is abused, the ruling will not be disturbed on appeal.

The evidence, considered as an entirety, is conflicting. Embodied in this showing appear copies of all newspaper articles published in the newspapers of Morrill county pertaining to this prosecution. None are of an inflammatory character. They purport to give the substance of what witnesses said, the official action taken by proper authorities, and include the result of the preliminary examination. No opinion as to the credibility of interested parties is expressed, nor is the defendant condemned as guilty of the charge made. These articles could hardly be deemed the source of possible prejudice. In fact, without exception, they are rather to be commended as examples of proper policy and tone on part of the press. And when, in connection with the affidavits presented by the respective parties, we consider the evidence elicited upon the examination of the jurors, no doubt can remain but what the action of the court in denying the change of venue was not only within its discretion, but was proper in view of the evidence before it. *Simmons v. State,* 111 Neb. 644;

*Baker v. State,* 112 Neb. 654; *Goldsberry v. State,* 66 Neb. 312.

The next assignment of error upon which the defendant relies is the failure of the district court to sustain his motion requiring an election on part of the state.

The information upon which the defendant was convicted, in apt language, charged that, "on or about the twenty-fifth day of November, A. D. 1926," in a county and state certain, the defendant did "unlawfully, violently, wilfully, knowingly, and feloniously, carnally know and abuse" the complaining witness, then of the age of less than 15 years.

The opening statements of the county attorney to the jury, after they had been impaneled to try the issues of this case, were in substance that, at the time referred to in the information, during a continuous transaction, three acts of sexual intercourse occurred between the prosecutrix and the defendant. The defendant, at the close of the statement, thereupon presented a motion to require the state to elect upon which of the three sexual acts it would "stand" for conviction. This motion was, by the district court, overruled. Whereupon the state introduced evidence which, if believed, tended to establish: That the prosecutrix was 14 years of age; that the accused was more than 21 years of age; that on the date charged in the information, pursuant to previous arrangement, acting in concert, for the purpose of accomplishing a predetermined, criminal purpose, the defendant, aided and assisted by one Hill, secured the physical control and possession of the prosecutrix, which thereafter was continuously maintained and exercised by him for a period of not to exceed two hours; that during this time, for the purpose mentioned, the prosecutrix was kept and carried about Morrill county, Nebraska, in an automobile, and finally taken to the home of the defendant; that, en route, the prosecutrix was twice compelled to submit to sexual intercourse with the defendant, and once with Hill; that upon arrival at defendant's home, prosecutrix was forcibly

removed from the automobile, taken into the house, where the sexual act was repeated by the accused, and also by Hill.

The jury, as triers of fact, who heard this evidence and saw the witnesses, were the sole judges of its truth. In connection with surrounding facts and circumstances appearing in the record, if believed, it established one indivisible, criminal transaction, initiated and carried out by the accused in person, all of which took place within a short period of time on a single night; and during which everything said and done was in furtherance of one continuous, criminal purpose not completed and entirely consummated on part of the accused until after his last sexual relations with prosecutrix at his home.

At the close of the state's evidence, the accused again presented his motion requiring the state to elect upon which of the sexual acts it would rely, which motion was, by the district court, overruled.

It would seem there can be no question but what the denial of defendant's motion to require the state to elect, when first made at the close of the opening statement of the state to the jury, was proper. *Blair v. State*, 72 Neb. 501.

A different question was presented when defendant's motion to require an election was renewed at the close of the state's evidence in chief. It must be conceded that rape is not a continuing offense, and where the testimony of the prosecuting witness discloses a number of acts of sexual intercourse between the defendant and prosecutrix, evidence of these acts of intercourse are admissible; but, as a general rule, the state should be then required to elect upon motion upon which sexual act it will rely.

However, an apparent exception to the general rule appears to be well established both in reason and in authority. It seems that, where the relations of the parties are continuous, and so close in point of time, and so connected with, and related to, each other, and to the surrounding facts and circumstances contemporaneous therewith, as

to constitute substantially one indivisible, criminal transaction, no election will be required. The present case clearly falls within the exception.

It follows, therefore, that in the action of the trial court in denying the motion of defendant to require an election on part of the state at the close of the evidence, on part of the prosecution, no error was committed. *State v. Alberts*, 199 Ia. 815; *People v. Turner*, 260 Ill. 84; *State v. Mueller*, 38 Minn. 497; Underhill, Criminal Evidence (3d ed.) 194, sec. 152.

We have carefully examined the contentions presented by the defendant, (a) that the evidence is insufficient to sustain the verdict; (b) that there is no sufficient corroboration of the prosecutrix; (c) that the court erred in giving certain instructions on the subject of the necessity of corroboration, and in refusing the instructions tendered by defendant on that subject; and (d) that the sentence of five years in the state reformatory for men at Lincoln, Nebraska, imposed by the court, is excessive.

We are unable to agree with any of them. Without quoting from the record *in extenso,* it may be said that it contains ample evidence, if believed, to sustain the conviction; that the jury were convinced of its truth; that the corroboration of the prosecutrix appearing in the record meets the requirements imposed by the rule now and long prevailing in this jurisdiction, which is: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State,* 22 Neb. 332. See, also. *Hammond v. State,* 39 Neb. 252; *Darwin v. State,* 107 Neb. 177; *Miller v. State,* 112 Neb. 243; *Aller v. State,* 114 Neb. 59; *Lewis v. State,* 115 Neb. 659.

The instruction on this subject by the court, complained

of, was ample and substantially correct, and the refusal
to give instructions tendered by defendant was, therefore,
not erroneous. In view of the testimony in the record,
the plea now made that the sentence of five years, imposed
by the district judge who heard and saw the witnesses,
is excessive is neither appealing nor convincing.

The judgment and sentence of the district court is right,
and is, therefore,

AFFIRMED.

Note—See 22 R. C. L. 1226.