STOY SMITH v. STATE OF NEBRASKA.

FILED NOVEMBER 9, 1934. No. 29110.

*Prince & Prince,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and YEAGER, District Judge.

DAY, J.

Stoy Smith was convicted of statutory rape and prosecuted proceedings in error to this court.

It is alleged that the refusal of the trial court to grant a continuance was error. The identical question was discussed in *Cooper v. State,* 120 Neb. 598, and many previous cases examined. Again, in *Smith v. State,* 123 Neb. 17, the rules relating to continuances in criminal cases were reexamined. These cases are controlling in the instant case. The defendant, plaintiff in error here, was arrested November 25, 1933, and was charged with committing the crime October 11, 1933. The preliminary examination was held December 14 when he was held for trial in the district court. He was arraigned December 21, 1933, and the case was set for trial December 27. It will be noted that the trial was a month after the arrest and nearly three months after the crime was charged. There is no showing in the motion for new trial that there is any evidence which the defendant was not able to procure. The record does not disclose that the rights of the defendant were prejudiced by a denial of the continuance.

It is within the sound discretion of the trial court to

determine under all the circumstances of a particular case whether a continuance is required in the interest of justice. The ruling of the trial court thereon is not reversible error unless an abuse of discretion is shown which is prejudicial to the defendant.

The defendant questions the sufficiency of the corroboration of the prosecutrix to sustain a conviction. We have examined the evidence carefully for the purpose of determining this question, and, without going into the sordid details of the record, it is sufficient to state that the prosecutrix testified in great detail as to the assault. Her testimony is corroborated to the extent that the woman with whom she lived testified that she was called by some man at about 11 o'clock on the night in question and left the house shortly thereafter in a car of the general appearance as that of defendant. There is also the testimony of the cab driver that later he was called to the filling station, which the defendant operated, where prosecutrix entered his cab. In addition, there is medical testimony that a physical examination of the 14-year-old girl indicated that the crime had been committed. This has been held to be sufficient corroboration. *Robbins v. State,* 106 Neb. 423; *Hammond v. State,* 39 Neb. 252; *Whetstone v. State,* 99 Neb. 469; *Noonan v. State,* 117 Neb. 520, 60 A. L. R. 1118. The Nebraska cases are all collected in the annotation 60 A. L. R. 1140e. No good purpose would be served by another extended discussion here.

The crime charged against the defendant in this case is statutory rape committed upon a girl 14 years of age. True, the information alleged that it was forcible rape, but, without the word "forcible," the information charged a crime, and the mere addition of an unnecessary word did not add to the burden placed upon the state. Our statute provides that one who has carnal knowledge of a female child under 15 years of age is guilty of a rape. Comp. St. 1929, sec. 28-408. The defendant emphasizes the word "forcible," because the state introduced evidence of other acts constituting a crime (assault) occurring

shortly after the time of the act charged. The evidence in question was that the defendant went to a picture show with his wife, sister of prosecutrix, and another couple. The prosecutrix and a girl friend attended defendant's two small children. The defendant left the show and returned to the house. He laid his hands upon the girl and pulled her against her will into a bedroom and finally out into his car in the yard. While there was no act of intercourse, his conduct and talk were lewd and vulgar. The other girl present was frightened and testified to the occurrence. The jury might infer the lustful disposition of defendant toward prosecutrix. The presence of the other girl and the return of defendant's wife and others deprived him of the opportunity for further misconduct. The rule stated in 16 C. J. 608, is as follows: "Such other acts are relevant and admissible to show the lustful disposition of the defendant as well as to show the existence and continuance of the illicit relation, to characterize and explain the act charged, and to corroborate the testimony of the prosecutrix as to that act." The trial court gave a cautionary instruction closely following this rule.

In a prosecution for statutory rape, evidence of other criminal acts of the same sort occurring shortly before or after the act charged is admissible to explain the act charged or corroborate the testimony of the prosecutrix. So say this court in *Hudson v. State,* 97 Neb. 47; *Leedom v. State,* 81 Neb. 585, and *Woodruff v. State,* 72 Neb. 815.

The defendant urges that the last case cited states a different rule applicable to this case as follows: "Had the intercourse been against her consent, a different question would arise." This statement appears in a quotation from *State v. King,* 117 Ia. 484. It was not the expression of this court and not applicable to that case. Neither is it applicable here, since under the statute "forcible" is a matter of no moment where the prosecutrix is 14 years old.

Another complaint is made to the appointment of an assistant to the county attorney of an interested attorney.

It was claimed that the special prosecutor was the personal attorney of the father of the prosecutrix. This is not established. A present partner of the attorney prior to the organization of the firm had at a remote time represented some relative of prosecutrix. The record shows that neither the spirit nor the letter of the rule announced in *Rogers v. State*, 97 Neb. 180, and *McKay v. State*, 90 Neb. 63, was violated.

We have carefully examined the record. It is true that the conviction rests in a large measure upon the credibility of the prosecutrix. If her testimony is untrue, a grievous injustice has been done. However, her testimony is positive and direct, and it has sufficient legal corroboration. The defense was an alibi which was not as convincing to the jury as the record of the cab driver that he took prosecutrix to defendant's home on the night in question. The evidence is sufficient to support a verdict, and the judgment must stand.

AFFIRMED.