MERLE ONSTOTT, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

54 N. W. 2d 380

Filed July 11, 1952. No. 33169.

*Townsend & Youmans,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Merle Onstott was convicted by a jury in the district court for Banner County of assault with intent to commit rape. After the verdict had been returned he filed a motion for a new trial. The trial court overruled this motion for a new trial and then sentenced him to 10 years in the Nebraska State Penitentiary. He brings this error proceeding to review his conviction and sentence. We shall refer to the plaintiff in error as the defendant.

Defendant's first assignment of error is the overruling of his plea in abatement. During the oral argument he abandoned this assignment. It is without merit in view of the record, the statute, and our holdings thereunder. See, § 29-1812, R. R. S. 1943; Huette v. State, 87 Neb. 798, 128 N. W. 519; Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666.

Defendant's second assignment of error is the court's overruling of his motion for change of venue.

The statute provides: "All criminal cases shall be tried in the county where the offense was committed unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein; in which case the court may direct the person accused to be tried in some adjoining county." § 29-1301, R. R. S. 1943.

In reviewing a trial court's ruling in this regard we have applied the following principle: " 'A motion for a change of venue in a criminal case is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed unless an abuse of such discretion is disclosed.' Simmons v. State, 111 Neb. 644." Peterson v. State, 116 Neb. 268, 216 N. W. 823. See, also, Sweet v. State, 75 Neb. 263, 106 N. W. 31.

The showing made by defendant in support of his motion consists of the verified motion of defendant, his affidavit, an affidavit of defendant's mother, an affidavit of one of defendant's counsel, and a transcript of the evidence at the preliminary hearing. The affidavits and motion consist primarily of generalities and conclusions. Without considering the showing of the State made in opposition thereto, we find the showing made by defendant to be insufficient to show a situation which would require the trial court to grant the change. Consequently the trial court did not abuse its discretion in denying it.

The defendant contends the evidence is insufficient to sustain his conviction. In this respect the following principles are applicable:

"In a prosecution for rape, competent evidence must show beyond a reasonable doubt not only that defendant committed the act charged, but that he did so under such circumstances that every element of the alleged offense existed, and where the evidence fails to meet that test, it is insufficient to support a conviction." Cascio v. State, 147 Neb. 1075, 25 N. W. 2d 897.

"In a prosecution for assault with intent to commit rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Hughes v. State, 154 Neb. 86, 46 N. W. 2d 904.

"The jury are the judges of the credibility of the witnesses who testify before them and of the weight of their testimony, when properly admitted, and, unless the decision of the jury thereon is clearly wrong, their verdict will not be molested." Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602.

" 'This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt.' Williams v. State, 115 Neb. 277, 212 N. W. 606." Haines v. State, 135 Neb. 433, 281 N. W. 860.

"It is only when there is a total failure of proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty." Wanzer v. State, 41 Neb. 238, 59 N. W. 909.

As to corroboration the following additional principles are applicable:

"* * * corroboration may consist of the proof of such surrounding facts and circumstances as will support her testimony against the accused as to the principal fact, and will identify the accused as the party guilty of the crime. It may consist of circumstantial evidence. Nabower v. State, 105 Neb. 848; Kotouc v. State, 104 Neb. 580; Day v. State, 102 Neb. 707; Hammond v. State, 39 Neb. 252." Robbins v. State, 106 Neb. 423, 184 N. W. 53.

" 'Where, in a prosecution for assault with intent to commit rape, prosecutrix testifies unequivocally to facts which would constitute the offense, a sufficient corroboration is shown if opportunity and inclination, on the part of the defendant, to commit the offense are shown, and the circumstances proved by other witnesses tend to corroborate the testimony of prosecutrix.' Aller v. State, 114 Neb. 59." Lewis v. State, 115 Neb. 659, 214 N. W. 302.

"In a prosecution for statutory rape, evidence of other criminal acts of the same sort occurring shortly before or after the act charged is admissible to explain the act charged or corroborate the testimony of the prosecutrix. * * * Hudson v. State, 97 Neb. 47; Leedom v. State, 81 Neb. 585, and Woodruff v. State, 72 Neb. 815." Smith v. State, 127 Neb. 776, 257 N. W. 59. See, also, Evers v. State, 84 Neb. 708, 121 N. W. 1005.

Likewise the letter written by defendant, which he had delivered to his brother Carroll, was properly admitted and was evidence tending to corroborate the testimony of the prosecutrix as to the offense charged. See Leedom v. State, 81 Neb. 585, 116 N. W. 496.

Defendant was living in the home of his brother at the time. He committed the offense with which he was charged upon his niece, who at that time was between 10 and 11 years of age. She testified to the details of the principal offense and also to similar or like acts committed upon her by him shortly prior thereto. Her sisters, who were 9 and 12 years of age at the time, testified to the fact that defendant committed like or similar

acts upon them shortly before and shortly after the offense with which he is here charged was committed. Her story is further corroborated by other facts and circumstances in the record, particularly by the letter defendant wrote to his brother shortly after the offense was committed. It would serve no useful purpose to the profession, the public, or the parties involved, particularly these three young girls, to set out in detail and leave a permanent record of this unfortunate occurrence in their young lives. Since the record presents a factual question for the jury, which it has answered, it is not the prerogative of this court to interfere therewith. We find the contention to be without merit.

Finally defendant suggests that the sentence is excessive and asks this court, under the powers granted it by section 29-2308, R. R. S. 1943, to reduce it.

Of this authority we said in Truman v. State, 153 Neb. 247, 44 N. W. 2d 317: "It is true that under section 29-2308, R. R. S. 1943, we have the authority to reduce a sentence when, in our opinion, it is excessive. But, as stated in Bright v. State, 125 Neb. 817, 252 N. W. 386: 'Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion.' "

We find nothing, under the facts and circumstances in the record as determined by the jury's verdict, which causes us to believe that the trial court abused its discretion by imposing upon defendant the sentence that it did.

In view of the foregoing we affirm the verdict of the jury and the sentence imposed by the district court.

AFFIRMED.