JAMES PARSONS, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

58 N. W. 2d 182

Filed April 24, 1953.   No. 33335.

David John Thomas, for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The accused, James Parsons, was charged with having unlawfully and feloniously assaulted Sim Ballard with intent to inflict upon him great bodily injury. He pleaded guilty and was adjudged to be confined in the penitentiary in this state for a period of 5 years commencing with the expiration of the term of imprisonment which he was then serving. He has brought the case here by petition in error. The complaint made is that the sentence, under the circumstances of the case, is excessive.

The accused entered the State Penitentiary on April 29, 1952, to serve 2 concurrent sentences of 3 years each imposed upon him because of burglaries committed by him. He was then 18 years of age. Within 2 months thereafter he and 3 other prisoners worked out a plan for an attempt to escape from their confinement. They armed themselves with crude but dangerous weapons made by them from utensils collected within the prison. During a part of May and all of June 1952, the accused had been taking dope, a white powder in capsule. He thinks it was called "Efederin." During June "he was taking this heavy." The 4 prisoners had collected from some source about 60 pills. The attempt to escape was on June 28, 1952. Many of the pills were consumed by the prisoners before and during the break for liberty. These gave them courage. Sim Ballard, a guard at the prison, was during the attempted escape assaulted and wounded. This was the basis of the prosecution resulting in the sentence challenged by this appeal.

If the punishment of a crime created by statute is committed to the discretion of a court to be exercised within prescribed limits, a sentence within the limits will not be reduced unless it is found that there was

an abuse of discretion by the court imposing the sentence. Onstott v. State, *ante* p. 55, 54 N. W. 2d 380.

The crime of the accused was one of violence perpetrated as a part of a deliberate attempt to escape from penal confinement by whatever force, means, or tragedy necessary to accomplish it. The prisoners had deadly weapons they had fashioned for the occasion. They captured a guard as a hostage and forced other guards to dispose of their weapons to save the life of the hostage. They stabbed and cut the hostage. The accused struck and floored a guard with a blackjack he had improvised by putting a "cake of Bon-Ami in a sock." The plan was to use the guards to assist in the escape, and for protection thereafter until they got to North Platte. There the prisoners intended to break into the National Guard Armory and take guns. The accused after the break said that if it had been successful there would have been "hell to pay for someone" and "I just had one thing in mind, to kill * * * (two officers) from Red Cloud." He had a history of crimes committed by him beginning when he was 13 years of age and repeatedly thereafter until the one involved herein. He has been confined in the Boys' Training School, the State Reformatory, and the State Penitentiary. Each offense was graver than the preceding one.

The punishment for felonious assault is imprisonment in the State Penitentiary for not less than 1 year nor more than 5 years. § 28-413, R. R. S. 1943. The record prevents a conclusion that the discretion of the district court was abused by imposing upon the defendant the maximum permitted. This court has authority to reduce a sentence imposed for the commission of a crime but it will not often do so if the crime is one of violence and involves moral turpitude. Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689.

The judgment of the district court should be and it is affirmed.

AFFIRMED.