THE STATE v. KINGSLEY.

·1. **Seduction:** EVIDENCE: CORROBORATION OF WITNESS. In a trial for seduction, a fact testified to alone by the person injured is not admissible to corroborate her.

2. ————: INSTRUCTION. It is error to refuse to instruct the jury that if the injured person was not enticed from her previous chastity, but defendant had sexual intercourse with her by force, or without her consent, he did not commit the crime of seduction.

*Appeal from Delaware District Court.*

FRIDAY, SEPTEMBER 25.

THE defendant was indicted for the seduction of one Eliza H. Brown. At the March term of the Delaware District Court, he was tried and convicted. Defendant appeals.

*G. Wattson,* for appellant.

*M. E. Cutts, Attorney General,* for the State.

DAY, J.—I. The Revision, section 4103, Code, section 4560, provides that upon a trial for seduction, " the defendant cannot be convicted upon the testimony of the person injured unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." The court instructed that " the corroborating evidence contemplated by the statute, section 4103 of the Revision, is not confined solely to the proof of the fact of illicit intercourse, but extends to proof of other material facts, such as the birth and the illegitimacy of the child, the working daily alone with each other, his riding with her to Delhi, and his sending her money after she had gone away to be confined; these and any other facts showing intimacy, opportunity and inducement, certainly tend, in some degree, to corroborate the prosecuting witness, but as to the weight and value of such evidence, it is for the jury to consider; and it is for you to draw your conclusions from such evidence as you deem them to be entitled to." This instruction, in the main, is

*1. SEDUCTION: evidence: corroboration of witness.*

sustained by *Andre v. The State*, 5 Iowa, 389 (398). In one material respect, however, it is erroneous. The prosecuting witness testifies that defendant sent her ten dollars in a letter, which she burned. No other witness testifies respecting the sending of money. It is obvious that if this fact may be considered in corroboration of the person injured, she is corroborated by her own testimony, and not by other evidence.

II. In her cross-examination the prosecuting witness stated that defendant threw her on the floor by main strength, and

2 ———: ———: held her down, that she did not consent to the
instruction. intercourse, but that it was against her consent and will, and that she would not have permitted it if defendant had not been stronger than she. The defendant asked the court to instruct the jury that, "If she was not enticed from her previous chastity, but that defendant had sexual intercourse with her by force, or without her consent, however wrongful or criminal his conduct may have been, he did not commit the crime of seduction, and must be acquitted of the crime now charged." The court refused to give this instruction, and gave nothing of like import, or similar in substance. In this we think there was error. If the facts above stated are true, the offense of defendant was rape and not seduction. And although that is an offense of more aggravated character than the one of which defendant was convicted, yet it never can be allowed to convict a party of one crime because he is proved guilty of another. Such a course would destroy every guaranty which the law affords.

III. We are further constrained to hold that the evidence is insufficient to support the verdict. In a criminal case the guilt of the accused must be established beyond a reasonable doubt. In this respect a criminal prosecution differs from a civil action, in which a bare preponderance of evidence is sufficient to support a verdict.

The prosecuting witness is the only one who testifies to the direct circumstances of the offense. The corroborating circumstances are just as consistent with the conclusion that the prosecuting witness submitted to the embraces of defendant voluntarily and without the employment of artifice, promises,

or persuasion, as that she was led from the path of virtue by seductive arts. The defendant either committed the crime of seduction, or he did not. The prosecuting witness, in her cross-examination, persists in declaring that defendant accomplished his purpose by force and against her will. If this testimony is true, the defendant committed the crime of rape, and is not guilty as charged. If it is not true, the testimony of the prosecuting witness, with the corroboration it has received, is not sufficient to support a conviction of an infamous crime. In either case the conviction is wrong, and a new trial should be awarded.

REVERSED.