AMOS MOTT V. STATE OF NEBRASKA.

FILED JANUARY 23, 1909. No. 15,653.

1. **Rape: EVIDENCE: CORROBORATION.** In a prosecution for the crime commonly called statutory rape, where the prosecuting witness testifies positively to the facts constituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction.

2. **Evidence** examined, its substance stated in the opinion, and *held* not sufficient to sustain the verdict.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*H. M. Sinclair* and *W. D. Oldham,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, J.

Amos Mott, hereafter called the defendant, was convicted of the crime of statutory rape at the April, 1908, term of the district court for Buffalo county, and was sentenced to imprisonment in the penitentiary for seven years. He now alleges error in the proceedings. His assignments, so far as we deem them material, will be considered in the order in which they are presented.

Defendant contends, first, that the verdict is not sustained by sufficient evidence, and, second, that the verdict and judgment are contrary to law, and these assignments will be considered together.

It may be conceded at the outset that there is no sub-

stantial controversy in the record as to the following facts:   The defendant is a male person over the age of 18 years.   The prosecutrix, at the time she alleges the offense was committed, was under 15 years of age.   That some one had sexual intercourse with her at or about the date of the alleged offense, in Buffalo county, Nebraska, is established beyond question, and so the only fact in dispute is whether the defendant is the person who committed the unlawful act.   The defendant's argument is that the prosecuting witness is uncorroborated as to the principal fact, and therefore the verdict cannot stand. This contention requires a careful review of the evidence. We find that as to the alleged criminal act the prosecutrix testified, in substance, that on the evening of June 1, 1907, she left her home in Kearney and went to a meat market, situated upon one of the principal streets of that city, with two other girls whose errand was to purchase meat; that they met the defendant, who went with them a part of their way home; that she and the defendant returned to the principal business street, where in a building adjoining the post office he kept an automobile garage; that he asked her to go out riding with him, and she consented to do so; that about 9 o'clock or shortly after that time, they got into an automobile and went west on the main street, past the normal school building and the ball ground; that about a block from the ball ground defendant turned the machine out to the left side of the road, stopped, and said to her:   "Let's have some fun?" that she said:   "I won't do it."   That he thereupon pushed her over onto the seat, and had sexual intercourse with her; that they then returned to the garage, put up the machine, and went to her home, the defendant accompanying her and helping her up the steps; that they had intercourse but once; that she never had intercourse with the defendant either before or since that time, and had never known any other man.

The defendant testified in his own behalf, and denied positively and explicitly that he ever at any time had

sexual intercourse with the prosecutrix. He also testified as to his whereabouts at the time she alleges the unlawful act took place between them and, if his evidence is to be believed, the occurrence to which the prosecutrix testified could not have taken place. His evidence is strongly corroborated by the testimony of a Mr. Edwards, with whom he claims he was at the day and hour in question. The act of unlawful commerce being thus specifically and positively denied, the evidence of the prosecutrix as to that fact must be corroborated, and, if there is want of corroboration such as the law requires, the judgment of the district court should be reversed.

The state contends that the fact that the parties were well acquainted tends to corroborate the evidence of the prosecutrix. It appears that a brother of the defendant married a sister of the prosecuting witness and this fact is sufficient to account for the matter of mere acquaintanceship, and the slight acts of familiarity, if any such acts are shown to have occurred between the parties. It is also claimed the defendant was seen in company with the prosecutrix on the evening of June 1, 1907, and afterwards took her home and helped her onto the porch. This defendant denies, and shows his whereabouts at that time. It is true that the mother of the prosecutrix testified that the defendant brought her daughter home and helped her onto the porch on the night of June 1, 1907; but at least four other witnesses testified that she was at a dance at the home of a man of the name of Shaw, and was accompanied by a young man of the name of Jesse Shoop, who says he took her to the dance, and escorted her home therefrom. It is doubtful if the mere fact of being seen in her company and taking her home amounts to a corroboration, but, if so, the whole question is put in doubt by the conflicting evidence as to her whereabouts when she alleges the transaction in question occurred. The mother also testified that at or about 7 or 8 o'clock on the morning of June 2, she found a blue silk skirt worn by her daughter the previous evening across

the foot of her bed; that it had a substance on it which she said was "what comes from a man"; that it was wet and slimy; and it is claimed by the state that this is sufficient corroboration. The truth of this evidence is greatly shaken by expert testimony, by which it was shown that under such circumstances and conditions, if there had been any such substance on the skirt, it would have been so dry at the time the witness claims to have discovered it that a miscroscopic examination would have been required in order to determine what it was. Be this as it may, however, this evidence would not show, or even tend to prove, that defendant was responsible for the condition of the skirt; and it is just as likely that the condition described was caused by some one of the numerous young men with whom she says she was keeping company as by the defendant. Again, the fact that the mother thought so little of the matter at the time that she failed to even call the daughter's attention to it stamps the whole story with the mark of improbability. It is claimed that the fact that the prosecutrix gave birth to a child at a time which corresponds with the usual period of gestation from and after June 1, 1907, corroborates her as to the principal fact of unlawful cohabitation. It is true that this is not only corroboration, but is conclusive evidence of that fact, but it does not even tend to prove that the defendant was the guilty person.

Finally, it is contended that defendant left the county after learning that a warrant was out for his arrest, and this is corroborative of his guilt. We think the evidence fails to support this contention. It is an undisputed fact that complaint was filed in this case, and a warrant was issued and placed in the hands of the sheriff of Buffalo county with a request not to serve it upon the defendant until further orders. It also appears that defendant was advised of that fact, and the warrant was held by the sheriff for several weeks without any attempt to serve it; that defendant notified the sheriff of his intended trip to Illinois, and, as shown by the evidence, as soon as he as-

certained that the prosecutor had decided to proceed with the case he returned to Kearney, and entered his voluntary appearance before the magistrate. It is therefore apparent that this contention must fail.

Without resorting to quotation, we have stated the substance of the evidence which the state claims corroborates the testimony of the prosecutrix as to the principal fact involved in this controversy. That such corroboration is required is well settled. *Mathews v. State,* 19 Neb. 330; *Klawitter v. State,* 76 Neb. 49; *Burk v. State,* 79 Neb. 241; *Fitzgerald v. State,* 78 Neb. 1. As to the nature of the corroboration necessary to sustain a conviction in such cases, the authorities seem quite clear. Where the law requires the corroboration of a witness, it must be accomplished by other evidence than that of the witness himself. His own acts or statements do not constitute corroborative evidence. *State v. Kingsley,* 39 Ia. 439; *State v. Lenihan,* 88 Ia. 670; *State v. McGinn,* 109 Ia. 641. Facts, whether main or collateral, must be established by competent testimony before they become of probative force in a lawsuit; and it is self-evident that the main fact in this case cannot be strengthened by a collateral fact, the existence of which is dependent upon the same class of testimony.

Again, if it be admitted that the defendant was in the company of the prosecutrix, as testified to by the Grieves girls, and if it be further admitted that the defendant on one occasion at or about June 1, 1907, brought the prosecutrix home in the evening, as stated by the mother, these facts of themselves alone are not corroborative, because they simply mean opportunity, and opportunity is not of itself corroboration. *Fitzgerald v. State, supra.* So we conclude that the testimony of the prosecutrix was not sufficiently corroborated, and the evidence is insufficient to sustain the verdict. This requires a reversal of the judgment, and renders it unnecessary for us to discuss any of the other errors complained of.

It is possible, and indeed it is quite probable, that the

state, if the case is tried again, will be able to produce some corroborating evidence. It is not at all probable that the defendant and the prosecutrix could take an automobile from his garage adjoining the post office upon a principal street of the city of Kearney on a Saturday night at an hour when the street was full of people, and travel along that street to the point described in the evidence, return and put away the machine, without being seen and recognized by some one; and, unless the city of Kearney is in the condition of Goldsmith's deserted village, it is reasonable to suppose that by suitable and proper inquiry on the part of the prosecuting attorney he will be able to find some one who, if the testimony of the prosecutrix is true, saw them and recognized them upon that occasion.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED.

ROSE, J., not sitting.

ROOT, J., dissenting.

I cannot concur in a judgment of reversal. Defendant was given a fair trial. He was ably defended by experienced counsel, and, as the jurors heard all of the witnesses testify and found beyond a reasonable doubt that he was guilty as charged, their verdict ought not to be disregarded because the corroborative evidence is contradicted and not altogether probable. The sufficiency of that evidence was for the jury to determine. *State v. Norris*, 127 Ia. 683; *Van Vleck v. Anderson*, 136 Ia. 366; *State v. Montgomery*, 79 Ia. 737; *Commonwealth v. Allen*, 135 Pa. St. 483. The birth of the complaining witness' child established the fact that some one had committed the offense charged. *Suther v. State*, 118 Ala. 88. To connect defendant therewith there is the positive statement of the injured female, the testimony of the

two Grieves girls that defendant met complainant in the evening just as she detailed; the testimony of the mother that defendant brought her daughter home late in the night during which the child says the act was accomplished, the testimony of both daughter and mother that the child's underskirt was stained with semen, the testimony of the girl, which defendant did not deny, that within a few weeks thereafter he sought on two different occasions to entice her to his bachelor apartments, the fact that defendant left the state shortly after he was accused of the offense, and that he escaped from custody of the officers in Indiana when arrested on request of the Nebraska authorities. It is true that explanatory evidence was offered by defendant, that some of the state's testimony does not seem reasonable, and that defendant attempted to prove an alibi. But if the jurors believed the girl, her mother, and the Grieves girls, as they had a right to do, their verdict is amply sustained by the evidence and it should not be disturbed by this court.

REESE, C. J., concurs in dissent.