Dawson v. State.

## GEORGE A. DAWSON v. STATE OF NEBRASKA.

### FILED SEPTEMBER 26, 1914.   No. 18,407.

1. **Rape:** EVIDENCE. Under our statute a defendant cannot be convicted of rape upon the wholly unsupported testimony of the person against whom it is alleged that the crime was committed. If she testifies positively and consistently to the facts constituting the crime, other evidence of opportunity and disposition on the part of defendant to commit the crime will furnish sufficient corroboration.

2. ————: ————. The defendant took a girl, under 15 years of age, from her father's house to defendant's home, and there stayed with her alone through the night. The opportunity to commit the crime was fully proved, and the evidence indicated in the opinion is *held* sufficient to support a finding of the jury that the defendant planned and brought about this opportunity for the purpose and with the intention of committing the crime charged.

3. ————: ASSAULT WITH INTENT: EVIDENCE. The crime of rape upon a girl under 15 years of age includes the crime of assault with intent to commit rape. It is not ground for reversal of a verdict and judgment of conviction of assault with intent to commit rape that there is no evidence of assault except the evidence of the complete crime of rape. If the evidence is sufficient to justify a conviction of the higher crime, it will support a conviction for the lesser one.

4. **Criminal Law:** INSTRUCTIONS. In a prosecution upon such charge of rape, it is not prejudicial error requiring reversal to instruct the jury that they may find the defendant guilty of the crime of assault to commit rape, though there is no evidence of assault except. the evidence of the complete crime of rape. Such instruction should not be given, but the error is not prejudicial to defendant, requiring a reversal.

5. ————: ————. In such case an instruction which describes the girl upon whom the crime is alleged to have been committed as "the prosecutrix," although her father made the complaint and the county attorney signed the information, is not necessarily prejudicial to defendant so as to require a reversal, and, unless such prejudice appears from the record, none will be presumed.

6. ————: APPEAL: ADMISSION OF EVIDENCE. The rules of law governing the impeachment of witnesses by proof of statements out of court inconsistent with their testimony are important and necessary to the due administration of justice. When it appears that defendant has been prejudiced by a violation of those rules, the judgment against

him will be reversed. The defendant will not be heard in this court to complain of the improper introduction of evidence in which he has joined or which he has encouraged in the trial court.

ERROR to the district court for Gosper county: ER-NEST B. PERRY, JUDGE. *Affirmed.*

*E. T. Grunden* and *Ritchie & Wolff*, for plaintiff in error.

*Grant G. Martin, Attorney General*, and *Frank E. Edgerton, contra.*

SEDGWICK, J.

The defendant (plaintiff in error here) was convicted in the district court for Gosper county of the crime of assault with intent to commit rape, and has brought the case here for review upon petition in error. The defendant on September 4, 1913, took his wife and children to her father's for a visit. His wife expected him to take her and the children home on the next or the following day. He had trouble with his automobile tire and had it repaired, and on the next day, September 5, he took the complaining witness, Mr. Zike, who was a rural mail carrier, around the mail route in defendant's automobile, arriving at Mr. Zike's home in Edison soon after 4 o'clock in the afternoon. He had supper with Mr. Zike's family, and afterwards, with Mr. Zike's consent, took Mabel, Mr. Zike's daughter, a girl not then quite 15 years of age, home with him, some 24 miles distant from Edison, where they stayed all night, no one else being in the house. The girl testified emphatically to the commission of the crime by defendant when they occupied the same bed that night. No discussion of the details of the crime as testified to by her is necessary to an understanding of the questions of law presented.

The defendant as emphatically denied all criminal conduct on his part. The principal question is whether the testimony of the girl is sufficiently corroborated to justify the verdict of the jury. The opportunity to commit the

Dawson v. State.

crime is clearly established. If the evidence substantially shows an intention or disposition on the part of defendant, the corroboration is sufficient. The defendant testifies that he made statements in the presence of the girl's father from which he should have known that defendant's wife was not at home. This is denied both by the girl and her father, and the jury were clearly justified in believing that her father supposed that Mrs. Dawson was at home. When the defendant left Edison with the girl, he went first to Arapahoe, and then to his home. They stayed at Arapahoe some time, and did not arrive at his home until dark. He then did "chores," the girl helping him, as it was after half past 9 o'clock when they had finished. He concluded it was then too late to go after his family. He offers an excuse for going to Arapahoe, instead of going directly for his wife, and in this excuse he is supported by his wife's testimony. He admits, however, that it would have been only about six miles farther to have gone home from Arapahoe by way of his father-in-law's place, where his wife was and was expecting him. He says the roads were good "so far as rain is concerned" and does not testify that he would have found any bad roads in going by that way home, except in the statement that he was afraid he would have trouble driving his automobile "over the hills." There is no evidence as to the character of the hills he would have to pass. He testified that there was some difficulty with the timer of the automobile, so that only two cylinders were working, but he drove his automobile the following day and took his family to Edison, and said that he fixed the automobile himself, and, when asked how long it took him to fix it, he made no explanation. His evidence in regard to difficulty with his automobile is wholly uncorroborated. The state insists that the evidence shows that he planned taking his family away from home and putting the girl's father under obligations to him by carrying him around the mail route, and so gaining his consent and making the way clear for the very crime which he committed. It is not necessary to go so far for corroboration. If the defendant intended that Mr.

Zike should not know that Mrs. Dawson was away from home and planned to take the girl to his home and stay with her there, and purposely failed to take his family so that he might spend the night alone with the girl, the jury might from such conduct find corroboration of the girl's testimony. Without attempting to further recite the evidence bearing upon the question of the defendant's motive in taking the girl to his home, we are satisfied that it presents a question peculiarly for the jury, and the court is not. required to interfere with their verdict.

The defendant presents 26 separate instructions which he requested the court to give the jury; all of them were refused, and the court on his own motion gave the jury 12 instructions, to each and every one of which the defendant took exception.

The information charged the defendant with the crime of rape, and in the first instruction, after defining that crime, the court defined the crime of assault with intent to commit rape, and submitted that question also to the jury. The objection made to this is: "The testimony, on the one hand, was a completed act; on the other, total innocence. There was no evidence of an assault with intent to commit rape other than the evidence of the completed act of rape. 'If the evidence in this case failed to justify returning a verdict of guilty of rape,' there was no evidence of assault with intent to commit rape, and the court erred in giving an instruction thereon 'without testimony to sustain it.'" The defendant cites *Fager v. State,* 49 Neb. 439, in which it was held: "When the evidence entirely fails to show an offense of a less degree than that charged in the information, it is not prejudicial error to omit to give an instruction defining an offense of such less degree."

It does not follow that, because the court was not required to submit the question of the lesser crime, it was prejudicial error to do so. The evidence is, as contended, that the defendant completed the act constituting the crime charged, and there is no other evidence of any assault. But the crime of rape cannot be committed without an assault with that intent. The latter is necessarily included

in the greater crime. It would have been better to have omitted from the instruction all reference to any lesser crime, but the defendant has no cause to complain of this error, especially after having insisted that such an instruction be given, as he did in this case.

In the seventh instruction given by the court the girl, Mabel Zike, is referred to as "the prosecutrix." The complaint before the examining magistrate was, in fact, made by her father, and the information on which the trial was had was signed by the county attorney, so that the girl was not, in fact, the prosecutrix, and ought not to have been so described; but from the nature of the instruction, which it is not necessary to quote, it seems impossible that the defendant could have been prejudiced by this oversight.

Instruction No. 10, given by the court, is objected to, and also 15 or 20 specified rulings of the court in receiving or rejecting evidence. For the purpose of laying a foundation for impeachment, Mr. Zike, while on the witness-stand for the state, was asked questions by defendant's counsel in cross-examination that had no relation to the evidence he had given in chief, and when witnesses were called by defendant to contradict his evidence so given they were allowed to testify at large as to a statement made by Mr. Zike out of court, without any regard to the ordinary rules for impeaching witnesses. This practice was participated in by both parties, and the trial court managed the investigation about as well as could be demanded under the circumstances. Neither party ought now to take advantage of errors of practice in which both participated. We cannot discuss all of these assignments of error, but we have not found any such prejudicial error as appears to require a reversal of the case.

The judgment of the district court is

AFFIRMED.

Rose, J., not sitting.