ROSS ROBERTS V. STATE OF NEBRASKA.

FILED JUNE 23, 1921.   No. 21752.

1. **Criminal Law:** INSTRUCTIONS. Where the first count of an information charges the defendant with having committed statutory rape in October, 1918, and the second count charges him with the same offense committed in March, 1919, and the state was required to elect upon which count it would prosecute, and elected to prosecute under the allegations contained in the second count thereof, *held* prejudicial error for the court to incorporate the first count of the information in an instruction defining the issues to be tried, without further instructing the jury that the state had abandoned its charge made in the first count of the information, or that said first count had been dismissed by the court.

2. **Rape:** Evidence: Corroboration. In a prosecution under an information charging statutory rape, where the prosecuting witness has testified positively to the offense having been committed and the defendant has positively denied committing the offense, testimony of a brother-in-law of the complaining witness that he saw the defendant near the building in which the complaining witness claims said act was committed is not sufficient corroboration of the testimony of the complaining witness to sustain a conviction.

Error to the district court for Red Willow County: Hanson M. Grimes, Judge. *Reversed.*

*J. F. Cordeal* and *F. M. Colfer,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before Morrissey, C.J., Flansburg and Rose, JJ., Begley and Leslie, District Judges.

Leslie, District Judge.

A complaint and information was filed by W. R. Starr, an attorney specially appointed by the court to prosecute the plaintiff in error, who will hereafter be referred to as the defendant.

The first count of the information charges that the defendant, on or about the last day of October, 1918, in the county of Red Willow, "being then and there a male person of the age of 18 years and upwards, knowingly, unlawfully and feloniously did carnally know and abuse one Anna Clary, a female child other than his daughter or sister, without her consent, and said Anna Clary then and there being not over 15 years of age, and of previous chaste character."

The second count charges that "on or about the 29th day of March, 1919, one Ross Roberts, a male person over the age of 18 years, in the county of Red Willow and state of Nebraska, in and upon one Anna Clary, then and there being a female child under the age of 18 years, and not his daughter or sister, unlawfully, feloniously, forcibly and against her will, did carnally abuse; she, the said

Anna Clary then and there being of previous chaste character."

The defendant was found guilty, motion for new trial was overruled, the defendant was sentenced to confinement in the penitentiary for a period of three years, and from this judgment has prosecuted error.

Nine assignments of error are presented to this court by counsel for defendant. We need consider only the fourth, fifth, sixth and eighth assignments.

The fourth assignment relates to instruction No. 1. This instruction is a copy of counts 1 and 2 of the information.

At the conclusion of the state's evidence it was required to elect upon which count it would stand, and elected to prosecute under the allegations contained in the second count, which charges the defendant with having sexual intercourse with the complaining witness in March, 1919. The first count charged the defendant with having had such relations with her in October, 1918, when she was under 15 years of age.

It was error for the court to have incorporated the first count of the information as a part of instruction No. 1, without instructing the jury it had been dismissed by the court, and that it was not to consider the charge contained therein.

This court has repeatedly criticized the practice of copying pleadings in full as a method of stating the issues to the jury. The inclusion of a count of an information which contains allegations which were not supported by evidence, and which the state elected not to stand upon, ordinarily constitutes prejudicial error. Jurors are not lawyers and many of them cannot discriminate between the portions of a lengthy charge which contains statements made in pleadings and the remainder of it. Where a count in an information charging rape contains allegations which are supported only by the testimony of the complaining witness, and the state has elected not to prosecute under such count, it is error to include the alle-

Roberts v. State.

gations of such count in that part of the court's instructions which define the issues to be tried, and if the reviewing court is satisfied that the jury has been misled by so doing it is its duty to grant a new trial. *Hutchinson v. Western Bridge & Construction Co.,* 97 Neb. 439.

The fifth assignment relates to instruction No. 14. By this instruction the trial court told the jury that "It is a rule of law that, if a witness is found to have wilfully or intentionally sworn falsely upon any material fact, such witness is presumed to have testified falsely as to other material facts." This instruction does not correctly state the law, but was probably not in this case prejudicial to the rights of the defendant.

The sixth assignment relates to the sixteenth instruction, which is as follows: "You are instructed that the time of an alleged offense must be alleged in an information with certainty, but proof is admissible to show that the offense charged was actually committed at or near the time alleged. That is, the state must satisfy you beyond a reasonable doubt, by the evidence, that the crime charged was committed within three years next prior to the date of the filing of the information in this case, to-wit, November 17, 1919."

This instruction could only have confused the jury. There is no evidence in the record from which they could have found that the defendant had ever had sexual intercourse with the complaining witness other than in October, 1918, or on March 29, 1919. There is no evidence in corroboration of the testimony of the complaining witness as to the assault alleged to have been committed in October, 1918, and the first count of the information alleging such assault was dismissed by the court. Under these circumstances the jury were not at liberty to consider, nor speculate as to, whether he had ever assaulted her at any other time than on March 29, 1919.

The eighth assignment deals with the sufficiency of the evidence. The complaining witness testified that the accused entered the building in which she was sleeping, and

which was in the rear of defendant's restaurant, early on the morning of March 29, 1919, and there had sexual intercourse with her. The only evidence tending in the least to corroborate the testimony of the complaining witness is the testimony of Ulmer, her brother-in-law, who testified he saw the defendant near the door of the building in which she was sleeping between 1 and 2 o'clock that morning. He further testified that the defendant's restaurant was lighted, and that the lights outside of both buildings made the surrounding as light as day. At most, Ulmer's testimony merely shows that the defendant was in the vicinity of the building in which prosecuting witness said the act was committed; in other words, that the opportunity was present. Mere opportunity is not in itself sufficient to corroborate the otherwise unsupported evidence of the complaining witness. In *Mott v. State,* 83 Neb. 226, the complaining witness testified that the defendant had sexual intercourse with her at a certain time and place. He as positively denied it. There was evidence that he had been seen with her. Subsequently she gave birth to a child, which was born within the period of gestation from the date of the alleged act of intercourse with the defendant, thus proving intercourse with some one about that date. The court said this did not corroborate her evidence. In the case at bar the complaining witness did not become pregnant, and there is no evidence, aside from her own testimony and the testimony of a Mrs. Alexander, that she ever had intercourse with any one. The witness Alexander testified she was with the complaining witness in an automobile when the complaining witness had sexual intercourse with a young man in the rear seat of the car in the presence of the other occupants. In cases of this character, where the complaining witness is a young girl, a physician should, and usually does, make an examination and testify to conditions present and what such conditions indicate. No medical examination appears to have been made in this case.

A charge of illicit sexual relations is easily made. Such a charge is frequently difficult to prove and usually difficult to disprove. It is difficult to prove because evidence in corroboration of the testimony of the complaining witness is required, and the nature of the offense is such that the state is seldom able to procure positive or direct evidence of the commission of the crime beyond the testimony of the complaining witness. It is usually difficult to disprove the charge, also, if the relations between the complaining witness and the man she accuses have been such as to offer opportunity for the commission of the offense. Public sentiment seems preinclined to believe a man guilty of any illicit sexual offense he may be charged with, and it seems to matter little what his previous reputation has been. This natural tendency may be due to the fact that a woman in charging a man with unlawful intercourse with her is casting odium upon herself as well as charging him with a felony. Be this as it may, where statutory rape is charged, the law requires that the testimony of the complaining witness must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction. We do not think her testimony has been corroborated in this instance. For this and other reasons referred to herein, the judgment of the district court is reversed and the cause remanded.

REVERSED.