ERNEST DARWIN V. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1921.  No. 22011.

1. **Rape:** CORROBORATIVE EVIDENCE. In a prosecution for rape, it is not essential that the prosecutrix be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. *Fager v. State*, 22 Neb. 332.

2. **Criminal Law:** ACCUSED AS WITNESS: INSTRUCTION. When a defendant in a criminal prosecution becomes a witness in his own behalf, it is not error for the court to instruct the jury that in considering his testimony they may weigh it as they would weigh the testimony of any other witness, taking into consideration his interest in the result of the trial, his manner, and the probability or improbability of his testimony, and give to it such weight as, under all the circumstances, they think it entitled to.

ERROR to the district court for Gage county:  LEONARD W. COLBY, JUDGE.  *Affirmed.*

*Hazlett, Jack & Laughlin,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Jackson B. Chase, contra.*

Heard before LETTON, DEAN and DAY, JJ., CORCORAN and GOSS, District Judges.

GOSS, District Judge.

Plaintiff in error, hereafter called defendant, about 25 years old, was convicted of statutory rape upon Wilma Drury, a girl less than 15 years old.

The information charged that the crime was committed on or about May 30, 1920. The state's evidence tended to show that the offense was committed about the middle of May, and the court properly charged the jury as to the date, fixing it as on or about May 15, 1920.

The only witnesses who testified as to the act were Wilma Drury, the prosecuting witness, and Ethel Fielder. The story of these witnesses is as follows: They say that about 7 o'clock one evening, in the middle of May, they were loitering at the railroad station in Beatrice and were invited by one Smith, a brother-in-law of Wilma, to go riding in his car. They accepted and rode uptown, where the defendant joined the party. They drove about three miles, stopping on the roadside near a bridge. Defendant and Wilma left the others in the car, climbed over a wire fence, went out of sight of the car into the bushes and sat down, where she says they smoked cigarettes a few minutes and then mutually engaged in the commission of the act charged; and that, while she and defendant so lingered, Ethel, who had left her companion, climbed the barbed wire fence and entered the copse in search of her chum, came upon them, and saw them thus engaged. Ethel testified to the same state of facts.

The defendant and Smith categorically denied this testimony, and defendant sought to prove an alibi by accounting for his presence at other places from about the 10th of May to a time late in June.

The errors assigned by defendant relate to two instructions given by the court, to one instruction requested by defendant but refused, and to the failure of the verdict to respect the alibi or to be supported by the evidence.

The disputed questions of fact were for the jury, and the evidence is sufficient to support the verdict, if submitted to the jury under proper instructions.

The following instruction, given by the court, is assigned as error: "The court instructs the jury that in the prosecution for rape it is not essential to a conviction

that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to the material facts and circumstances which tend to support her testimony and from which together with her testimony as to the principal fact, the inference of guilt may be drawn."

It is conceded that this instruction has been approved substantially by this court several times: *Fager v. State,* 22 Neb. 332; *Dunn v. State,* 58 Neb. 807; *Klawitter v. State,* 76 Neb. 50; *Harris v. State,* 80 Neb. 195. But it is urged that it is inapplicable to the facts here, and tended to confuse the jury, because Ethel Fielder was the only one to whom the instruction might properly apply. As we view it, the instruction benefited rather than injured the defendant, for it had a tendency to destroy the force of the testimony of Ethel Fielder that she saw the parties in "the particular act constituting the offense."

Complaint is also made of this instruction: "The jury are instructed that under the law of this state the accused is a competent witness in his own behalf, and you are bound to consider his testimony; but in determining what weight to give to his testimony you may weigh it as you would the testimony of any other witness, and you may take into consideration his interest in the result of the trial, his manner, and the probability or improbability of his testimony, and give to his testimony such weight as, under all the circumstances, you think it entitled to."

It is criticized because the court used the word "may" instead of "should." We do not see where this prejudiced the defendant. The jury probably understood it in the sense of a direction to weigh or to consider. If the jury understood it as merely permissive, then it helped the defendant.

The instruction is further attacked as having the vice of singling out the defendant from other witnesses, as if the court considered his credibility worthy of finer sifting than that of other witnesses. This instruction, copied

from *Housh v. State,* 43 Neb. 163, has been approved in many cases, and we will not disturb those decisions. *Wallace v. State,* 91 Neb. 158, and cases cited.

Defendant assigns as error the refusal of the court to give a certain instruction, as to the proof of an alibi, to the effect that it was not necessary for the proof to cover the whole period during which the offense might possibly have been committed, but merely to cover it so as to raise a reasonable doubt in the minds of the jurors. The court gave an instruction requested by defendant to the effect that if from all the evidence, and whether from lack of proof by the state or from evidence on behalf of defendant, they had a reasonable doubt of the presence of the accused at the time and place of the act, as testified to by prosecutrix, they should acquit the defendant. We conclude that the court sufficiently charged the jury as to the burden of proof, and as to the alibi, and that there was no error in refusing this additional instruction.

We find no error in the case. The judgment is

AFFIRMED.