Aller v. State.

CLYDE ALLER v. STATE OF NEBRASKA.

FILED NOVEMBER 18, 1925. No. 24575.

1. **Rape:** CORROBORATIVE EVIDENCE. Where, in a prosecution for assault with intent to commit rape, prosecutrix testifies unequivocally to facts which would constitute the offense, a sufficient corroboration is shown if opportunity and inclination, on the part of the defendant, to commit the offense are shown, and the circumstances proved by other witnesses tend to corroborate the testimony of prosecutrix.

2. **Criminal Law:** EVIDENCE OF IMMATERIAL FACT. The receiving, over objection, of evidence of an immaterial fact constitutes no ground for a reversal, unless it is shown that such evidence is prejudicial to the complaining party.

3. ——: EVIDENCE: OBJECTIONS. Where, in a prosecution for assault with intent to commit rape, the articles of clothing, worn by the prosecutrix at the time of the assault, are fully identified and offered in evidence, an objection that no sufficient foundation has been laid is insufficient to raise the question as to

whether the clothing is in the same condition that it was imme-
diately following the assault. Such an objection, to be availing,
should challenge the trial court's attention to the specific ground
for objection to the introduction of the articles.

4. ———: INSTRUCTIONS. Where the instructions of the court
to the jury, as a whole, correctly advise the jury as to the law
upon the points in issue, a single instruction, which, by itself,
might be misleading, will not be permitted to work a reversal
of the judgment. The instructions should be considered as a
whole.

ERROR to the district court for Red Willow county:
CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Edward J. Lambe* and *Charles D. Ritchie,* for plaintiff
in error.

*O. S. Spillman, Attorney General,* and *Lester L. Dunn,*
*contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-
SON and EBERLY, JJ.

GOOD, J.

From a conviction of the crime of assault with intent to
commit rape upon Marie Boyd, a 17-year-old girl, defendant
prosecutes error.

The errors assigned may be grouped under three heads:
(1) Insufficiency of the evidence to support the verdict;
(2) errors in the reception of evidence over objection; (3)
error in the court's instructions to the jury.

Defendant urges that the evidence is insufficient because
of a lack of corroboration of the testimony of the prosecut-
ing witness, Marie Boyd. The evidence of Miss Boyd, if
true, shows that defendant assaulted her with intent to
carnally know her, forcibly and against her will. The ques-
tion is: Is there sufficient evidence of corroboration to
satisfy the requirements of the law?

The law does not require that the prosecutrix be cor-
roborated by other witnesses as to the particular act con-
stituting the offense. It is sufficient if she be corroborated

as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. *Fager v. State,* 22 Neb. 332; *Hammond v. State,* 39 Neb. 252; *Darwin v. State,* 107 Neb. 177; *Miller v. State,* 112 Neb. 243. ·

In *Dunn v. State,* 58 Neb. 807, it is held that it is not essential, in a prosecution for rape, that the prosecutrix be corroborated by direct evidence of the particular fact constituting the crime, but that proof of incriminating circumstances and corroborative facts is sufficient. Again in *Dawson v. State,* 96 Neb. 777, it is held that, if the prosecutrix testifies positively and consistently to the facts constituting the crime, other evidence of opportunity and disposition, on the part of the defendant, to commit the crime will furnish sufficient corroboration. In *Whetstone v. State,* 99 Neb. 469, it is held that opportunity and the inclination to ravish may be sufficient corroboration of direct and positive evidence, given by the prosecutrix, that defendant committed the offense.

From the previous decisions of this court, it is well established that, where, in a prosecution for assault with intent to commit rape, the prosecutrix testifies unequivocally to facts which would constitute the offense, a sufficient corroboration is shown if opportunity and an inclination, on the part of the defendant, to commit the offense are shown, and the circumstances proved by other witnesses tend to corroborate the testimony of the prosecutrix.

The record discloses, without question, that defendant was alone with the prosecutrix in a car for from two to three and a half hours, in the night season, and while the prosecutrix was probably under the influence of intoxicating liquor, furnished or procured by defendant. The opportunity is thus fully shown. The evidence discloses that defendant induced the prosecutrix to accompany him from her home in a car on his invitation to take her to a radio concert. He so represented to her and to her father, but instead, after driving her about to various places, with his

brother and another young man, he drove to a place in the country where liquor was procured, which she tasted, and perhaps drank a part of, and of which her escorts also drank. Thereafter, the two young men other than defendant were let out of the car, and defendant proceeded alone with prosecutrix and was with her alone from the hour of 8 or 9 o'clock until after 11 o'clock at night. When she was returned to her father's home, she was in an unconscious, or semi-conscious, condition, and so remained for two or three days. A pair of bloomers, which she had worn, were slightly torn and were discolored. Her body was bruised; there were scratches, resembling finger-nail scratches, upon her neck, and she was bleeding from other wounds. There were bruises upon her leg and other portions of her body. Defendant gave a false statement to Miss Boyd's father as to the cause of her condition, and two days later left his home for a distant part of the state, where he was arrested. A belt to the coat, which Miss Boyd was wearing on the night of the alleged assault, was not on her coat when she was returned to her father's home. This belt was later found on the highway, at or near the point where prosecutrix testifies that the assault occurred. They were in a car, with the curtains down. No explanation is given as to how the belt was removed from her coat and got out of the car. We think the facts thus disclosed are sufficient corroboration to meet the requirements of the law.

Error is alleged in the admission of certain evidence, as to the mental condition of the prosecuting witness during the three or four days following the assault, to the effect that she was unconscious or irrational. The evidence of the defendant and other witnesses on his behalf was to the effect that Miss Boyd was unconscious for a part of the time on the evening that the alleged assault occurred, and while she was in the car with defendant. The evidence of other witnesses on behalf of the state, including the doctor, who visited Miss Boyd several times a day for a number of days succeeding the assault, was received without objec-

tion. It was to the effect that she was unconscious during the greater part of that time. The evidence of some of the state's nonexpert witnesses, who testified to a like condition, was but cumulative of evidence received without objection, and these witnesses did not go into detail as to the facts upon which they based their opinions. Even if technically erroneous, this evidence was not prejudicial. In any event, it was not very material what her mental condition was three or four days after the assault occurred.

Complaint is made because of the admission in evidence of various articles of clothing, worn by prosecutrix on the night of the assault. These articles were all identified by the foster father and mother of the prosecutrix. When offered in evidence, a general objection was made that they were immaterial and that no sufficient foundation had been laid. It is now urged that it was not shown that the articles of wearing apparel were in the same condition as when removed from Miss Boyd's person, or that they were in a different condition than when she put them on. We think the objection made was entirely too indefinite. It did not challenge the court's attention to the specific objection that is now urged. We doubt not that, had the particular point been made, the foundation might have been more specifically laid. Under the circumstances, the court was justified in overruling the objection that was made to the introduction of the exhibits.

It is argued that one of the instructions which defined assault, without coupling with it the other elements necessary to constitute assault with intent to commit rape, was erroneous. There were two counts in the information, one charging assault and battery, and the other charging assault with intent to commit rape. The court in its instructions properly defined assault, assault and battery, and assault with intent to commit rape, and specifically told the jury what elements were necessary to be proved to constitute the offense of assault with intent to commit rape. In reading the instructions as a whole, it is clear that the jury were not told that the facts, which would constitute simple

assault, were sufficient to constitute the graver offense of assault with intent to commit rape.

The rule is well established that where the instructions, as a whole, correctly advise the jury as to the law upon a point in issue, a single instruction, which, by itself, might be misleading, will not be permitted to work a reversal of the judgment. The instructions given, as a whole, were much more favorable to the defendant than he was entitled to under the law.

The record is free from any error prejudicial to the defendant, and the judgment is

AFFIRMED.

Note—See Criminal Law, 16 C. J. secs. 2199, 2493.