WILLIAM NOONAN v. STATE OF NEBRASKA.

FILED OCTOBER 19, 1928. No. 26328.

*O'Sullivan & Southard* and *Hunker & Gross*, for plaintiff in error.

*O. S. Spillman*, Attorney General, *Harry Silverman* and *Robert R. Moodie*, contra.

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Eberly, JJ., and Redick, District Judge.

Eberly, J.

William Noonan, hereafter called the defendant, was convicted in the district court for Cuming county, Nebraska, of a felonious assault upon Gladys Ford with intent to commit rape, made on September 19, 1927. He was sentenced to be imprisoned in the penitentiary of this state at hard labor for five years. To reverse this conviction and sentence he appeals to this court.

Numerous assignments of error are made in the briefs, which may be summarized as relating to (1) the sufficiency of the evidence to sustain the conviction; (2) refusal of the district court to quash the second jury panel selected and summoned under the provisions of section 9078, Comp. St. 1922, on the ground that the sheriff who selected and summoned the same was disqualified on account of inter-

est; (3) error of the court in overruling certain challenges to the competency of certain jurors; (4) error of the court in restricting cross-examination, especially with reference to certain photographs presented by the defense as part of the cross-examination of the prosecutrix.

The first question for consideration is the claimed insufficiency of the evidence connecting the defendant with the crime. It is contended that the evidence lacks the necessary corroboration of the prosecutrix required in prosecutions of rape and kindred offenses, and it is challenged because of its inherent weakness.

There can be no question that the *corpus delicti,* the actual commission by some one of the particular crime charged, is established in this case by ample evidence. Indeed, this is not questioned by defendant. His counsel, in their briefs, state: "It is admitted that an assault with intent to commit rape was made upon Gladys Ford on September 19, 1927, at about 4:45 p. m. at the place charged. The only dispute in the case is as to the identity of her assailant." Argument in behalf of the defendant then proceeds on the basis that the positive identification by the prosecutrix of the defendant as the assailant on the witness-stand at the trial must, as a matter of law, be corroborated by evidence other than her own before his own positive testimony in his own behalf to the contrary is overcome; in other words, that the prosecutrix in cases of assault with intent to commit rape must be corroborated in the same manner and to the same degree as to the identity of the accused as is required to establish the *corpus delicti.*

The district judge, at the trial of the case, gave the usual instructions as to the necessity of the corroboration of the prosecutrix. The following excerpt from instruction No. 9 given by the district court indicates their general tenor: "It is not essential that she be corroborated by direct evidence of the particular fact or facts constituting the crime. * * * She must, however, be corroborated as to material facts and circumstances which tend to sup-

port her testimony and from which, together with her testimony as to the particular act constituting the crime, the inference of guilt may be drawn."

It is to be remembered that Nebraska has no statute providing that a defendant cannot be convicted of rape or of an assault with intent to commit rape unless the prosecutrix be corroborated by evidence other than her own tending to connect the defendant with the commission of the offense. The present rule on that subject is the result of judicial decision and not of legislative enactment.

In *Garrison v. People*, 6 Neb. 274, we held that it was not error for the court to refuse to instruct the jury that they could not convict the defendant upon the unsupported testimony of the prosecutrix.

In *Mathews v. State*, 19 Neb. 330, the attention of the profession was drawn to the fact that in *Garrison v. People, supra*, a bill of exceptions of the evidence had not been preserved, and that it was not intended in that case to hold that a conviction of rape would be sustained upon the testimony of the prosecutrix, if her sworn statements were disputed by other testimony, and "there were no marks upon her person or clothing showing a recent struggle, or no complaint as soon after the occurrence as an opportunity offered." The rule thus announced has been the basis of our procedure in prosecutions of rape and kindred offenses since the date of the opinion last referred to, and has been consistently adhered to in a line of well-considered cases. It must be admitted, however, that this rule is not in accord with the rule at common law, that in most jurisdictions it is not necessary, as a matter of law, to corroborate the testimony of the prosecutrix. In other words, the general rule, in the absence of statute, appears to be that the uncorroborated testimony of the prosecutrix is sufficient to carry the case to the jury, and it has been held that the rule is the same in cases of assault with intent to commit rape. It should be said, however, that this rule of corroboration,

even as thus restricted, does not bear the unanimous approval of the members of this court as now constituted. See dissenting opinion by Rose, J., in *Swogger v. State,* 116 Neb. 563, 569.

We are now asked, in effect, to extend the principle announced first in *Mathews v. State, supra,* to the extent of requiring corroboration, as a matter of law, of the prosecutrix' evidence as to the identity of her assailant. Three cases are cited to sustain the contention of the defendant, *Dunn v. State,* 58 Neb. 807; *Mott v. State,* 83 Neb. 226; *Boling v. State,* 91 Neb. 599. But in none of these cases was the exact question presented upon which the present case must be determined. The gists of these decisions are simply a restatement of the general rule first announced in *Mathews v. State, supra,* and the expressions used by the court in the various opinions are not applied to the specific question of proof of identity of the accused.

The precise question, however, before us was discussed by this court in *Henderson v. State,* 85 Neb. 444, and in which *Mott v. State, supra,* cited by defendant, is distinguished. It was there insisted by the defendant charged with rape that, as a matter of law, he could not be convicted "unless the prosecutrix be corroborated by other evidence tending to connect the defendant with the commission of the offense." Iowa cases were cited in support of this proposition. Root, J., in delivering the opinion of the court, disposed of this contention in the following language:

"Counsel for defendant cite Iowa decisions, but they have reference to a statute which provides that a defendant cannot be convicted of rape unless the prosecutrix 'be corroborated by other evidence tending to connect the defendant with the commission of the offense.' In the application of that statute, the courts of our sister state hold that the prosecutrix cannot by her own testimony furnish that corroboration. Proving that the prosecutrix has been ravished and establishing that a defendant is the guilty man are very different propositions, and evidence

tending to corroborate one fact does not necessarily nor logically confirm the other. We recognize the distinction and, in the absence of a statute on the subject, hold that the unsupported testimony of the prosecutrix may be sufficient to identify the guilty party if the commission of the offense has first been established. *Younger v. State,* 80 Neb. 201."

In *Younger v. State,* 80 Neb. 201, Letton, J., in delivering the opinion of the court, in substance indicates that evidence corroborating the testimony of the prosecutrix as to the identity of the accused charged with rape by force and violence, and where the assault was evident, as a matter of law, is wholly unnecessary. At least, no greater evidence should be required than in a "violent assault of another nature." The reasoning upon which the two decisions last referred to are based is convincing.

A woman becomes a victim of an assault made with intent to commit murder, to rob, or to commit great bodily harm. In these cases the law accords to her evidence the same weight, the same force and effect, in the prosecution of the offense as it accords the men, under like circumstances and conditions. It does not require in such cases corroboration which the Nebraska rule exacts in cases where rape is involved.

The theory of the Nebraska rule is, that the nature of rape is such that evidence to establish the same may be easily fabricated and hard to disprove, and, therefore, a technical corroboration, as a matter of law, is required. Where, however, the offense charged has been fully, completely and admittedly established beyond a reasonable doubt, the dangers which the Nebraska rule seeks to avoid are past, no occasion for fabrication then arises, and no reason, therefore, exists for the extension of the principle involved.

It follows, therefore, that, where the *corpus delicti* involved in a charge of assault with intent to commit rape, robbery, murder, or with intent to do great bodily harm has been fully established, the weight of evidence neces-

sary to connect the accused with the offense should be identical; that, under these conditions, a woman's evidence is entitled to receive the same consideration from our tribunals as that to which the evidence of a man under like circumstances is entitled. It follows that the contention as to the necessity of corroboration of the prosecutrix' evidence in this case, connecting the defendant with the offense, is disapproved.

We have carefully read the evidence in the record, as set forth in the briefs of the parties, relating to the connection of the accused with the offense charged. The unqualified identification of the accused by the prosecutrix, in the light of the surrounding circumstances and the other facts detailed in the evidence, is such that there is ample proof to sustain the verdict of the jury on this question.

Complaint is made as to the action of the district court in overruling defendant's motion to quash the special panel of the jurors from which the jury which tried the defendant was drawn. It is charged that the sheriff who, under the direction of the court, selected and summoned this special panel was disqualified on the grounds of interest, he being a material witness for the state in the case. It may be said in passing that the record discloses that, though the sheriff testified in behalf of the state at the preliminary hearing, he was not called in the district court as a witness by the state in making its case in chief, and though called by the state on rebuttal was not permitted to testify. He was not the prosecuting witness and, so far as the record discloses, his evidence was wholly corroborative in its nature, and pertained solely to facts which it was his official duty to ascertain, to "ferret out," and to know.

Eliminating all consideration of questions arising from the manner of presentation, and on the basis that the questions sought to be raised were properly presented, should the defendant's contention be sustained?

Section 4989, Comp. St. 1922, among other provisions,

prescribes in part: "It shall be the duty of the sheriff * * * to ferret out crime, to apprehend and arrest all criminals, and in so far as it is within his power, to secure evidence of all crimes committed in his county, * * * and to perform all other duties pertaining to the office of sheriff or enjoined upon him by law."

Section 9078, Comp. St. 1922, under the facts in the instant case, concededly applicable to the selection of jurors, expressly authorizes the district court: "Whenever at any general or special term * * * for any cause there is no panel of * * * petit jurors, or the panel is not complete, said court may order the sheriff * * * to summon without delay good and lawful men, having the qualifications of jurors, and each person summoned shall forthwith appear before the court, and if competent, shall serve on the * * * petit jury * * * unless such person may be excused from serving or lawfully challenged."

The provisions of section 4989, *supra*, above quoted, were enacted in 1917. The portions of section 9078, above quoted, were at that time upon the statute books of the state. The legislators must, therefore, be presumed to have been familiar with the provisions last referred to, and the enactments must be construed together.

It may therefore fairly be said that the authors of this legislation apparently deemed that the proper and complete performance of the duties enjoined by section 4989, *supra*, was not in any manner incompatible with the proper and full performance of the duties required by the provisions of the section 9078 quoted. Indeed, the conclusion that such must be deemed the legislative intent is strengthened by the fact that in the act last adopted, in point of time, it was expressly enjoined that it should be the duty of the sheriff, in addition to other duties expressly enumerated in section 4989, *supra*, to perform "all other duties pertaining to the office of sheriff or enjoined upon him by law."

We do not overlook the incidents set forth in the affidavits in behalf of defendant, forming part of the bill of exceptions, and which are in the nature of an attack on the

sheriff. But as to these, in view of the counter affidavits, there appears a fair conflict of the evidence which presented the matters of fact for the determination of the trial court. The trial court considered this evidence and determined the issues involved, and we do not find that error was committed. It is not thought that the mere fact that the sheriff, in the proper performance of the duties of his office, enjoined by statute, in ferreting out crime, in endeavoring to apprehend and arrest all criminals, and in endeavoring to secure evidence of all crimes committed in his county, becomes possessed of information that renders him a material witness, is thereby necessarily disqualified from further performance of the duties of his office. Such official conduct does not necessarily impeach his impartiality, as applied to his performance of official duty in selecting "good and lawful men, having the qualifications of jurors." Besides, in the instant case, the sheriff does not appear in the light of the principal, or the sole, or the prosecuting witness.

In *Policky v. State,* 113 Neb. 858, cited by defendant, the sheriff was not only the prosecuting witness but the principal and only witness against the defendant as to the essentials of the crime charged. Two trials had to juries drawn from regular panels had occurred. The third trial to a jury, selected by the sheriff under the provisions of section 9078, *supra,* resulted in a conviction from which that appeal was prosecuted. Each of the first two trials was followed by a disagreement. In view of the developments in the case, as disclosed by that record, it supported a fair inference that the prosecution had become, in fact, a contest between the sheriff involved and the accused. The case was thus of an exceptional character and contained features wholly absent from the present record.

In *Nelson v. State,* 115 Neb. 26, cited by defendant, the record disclosed, by offers of proof and otherwise, that a charge had been made on behalf of the defendant in his attack upon the jury panel that the officers selecting the

same were members of a society then actually engaged in actively prosecuting the defendant, and had individually contributed money to hire detectives for the purpose of convicting the defendant. As to the charge thus made, the record indicated that the trial court had apparently denied the defendant an opportunity to prove and establish the same. Thus it will be seen that the instant case is not within either the reason of the rule on which the cases cited were based, nor, indeed, within the letter of these opinions, as expressed by this court.

We have carefully considered the assignments of error based upon the rulings of the district court during the *voir dire* examination of the jurors who were impaneled and tried this case. We do not find that any substantial error was committed. This is particularly true as to Clarence Fesler whose evidence is copied in full by the defendant in his brief. It would unduly extend this opinion to set forth the evidence upon which the defendant bases his objections to the competency of this juryman. It must be said, however, that it fairly appears that Fesler knew the prosecutrix and her mother; that the prosecutrix was a close friend of his daughter; that he knew the sheriff, and he had known the county attorney for 15 years; that he had never talked about this case with witnesses or persons who knew the facts; that he had formed no opinion as to the merits of the case; that there was nothing said by any parties interested to him that would make him either for or against the defendant; that he had no feeling of bias or prejudice in the matter. Indeed, his attitude may be set forth and may fairly appear from the following question and answer thereto: "If you were selected as a juror, you think you could carry out the instructions of the court if the court told you, among other things, that the burden was on the state and that there was a presumption of innocence in favor of the man on trial, and that presumption continued as evidence in his favor until he was proved guilty by evidence beyond a reasonable doubt? You would accord to William Noonan

the benefit of every rule of law and presumption of law the judge told you he was entitled to? A. I would."

Giving due consideration to this evidence as an entirety, and having due regard to the personal presence and observation of the trial judge, we cannot say that, in overruling defendant's challenge to this juror for cause, any error was committed by the trial court.

During the course of the trial the defendant, as part of the cross-examination of the prosecutrix, sought to require her to identify photographs of the defendant submitted to her in company with, and as part of, a collection of photographs of young men all of similar build, all dressed in like garments, and of disguise in a like manner. The trial court excluded the proposed cross-examination, and the defendant alleges error, but cites no authorities sustaining his contention. Also, we are unable to find any that are in point. In principle, the rule applied by the trial court was proper. There is no evidence in the record that the identification of the accused by the prosecutrix was in any manner aided by or based upon any photograph. Her evidence in chief in no manner refers to any photograph of the defendant. The identification of the accused by her was based upon a close (save a masking handkerchief) and wholly unobstructed view of the accused in broad daylight, and it necessarily not only involved general build, general appearance of form and features, but also peculiarities of shifting eyes, color of eyes, color and texture of hair, and identity of voice. Many of these elements were necessarily eliminated in the proposed testimony of photograph inspection. The requirement proposed, therefore, was manifestly unfair, and undoubtedly was not proper cross-examination.

It follows that no substantial error appears in the record before us, and the conviction and sentence of the district court is, in all things,

AFFIRMED.