JOHN HAVENS v. STATE OF NEBRASKA.

FILED FEBRUARY 13, 1934. No. 28786.

*John E. Lowe,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *William H. Wright, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

YEAGER, District Judge.

This is a criminal action, wherein it is charged that John Havens, the defendant, plaintiff in error here, on or about the 1st day of April, 1932, committed the crime of rape upon Blanche Havens, his daughter, then a minor of the age of 13 years. The case was tried to a jury and on October 17, 1932, the jury returned a verdict finding him guilty as charged in the information. A motion for new trial was duly and regularly filed. On December 16, 1932, the motion for new trial was overruled and on the same day the defendant was sentenced to serve a term of ten years in the state penitentiary. Thereafter, on the 12th day of April, 1933, and during the March term of the district court, the defendant filed a second motion for new trial grounding the same on newly discovered evidence. The motion was supported by affidavits. Thereafter the state filed counter affidavits relating to the second motion for a new trial. On June 10, 1933, the court overruled the second motion. The affidavits were by order of this court made a part of the record in this case.

In his brief the plaintiff in error has set forth 24 separate assignments of error. We have examined them all and have concluded that only two propositions require consideration or discussion here.

The motion for new trial on the ground of newly discovered evidence was filed almost six months after the verdict was returned and nearly four months after judgment and sentence. This particular length of time is of no consequence except in the sense that it shows that the motion was filed out of the time allowed for the filing of motions for new trial in criminal cases.

This court is definitely committed to the proposition that the district court has no jurisdiction to grant a new trial in a criminal case on the ground of newly discovered evidence at a term subsequent to the one at which the verdict was rendered. A late decision on this question is found in *Simmons v. State*, 111 Neb. 644.

In the light of this existing rule of law, it has not been necessary to examine into the merits of the motion and its supporting affidavits. If the matters therein contained merit consideration, then the only tribunal empowered to examine into them is the board of pardons and paroles.

The defendant complains of a failure of the corroboration of the prosecutrix required by law, and of instruction No. 5 given in this connection. His position does not appear tenable.

The prosecutrix, a girl under the age of 15 years, testified that she had sexual intercourse with the defendant, which fact, if true, if the defendant was 18 years of age, or over, would constitute the crime of rape on the part of the defendant. The evidence shows that, at the time in question, the defendant was much over 18 years of age. Before a conviction was justified, the prosecutrix must have been corroborated in some material respect. The evidence conclusively shows that she was pregnant and proof of pregnacy is corroboration of that phase of the crime of rape.

It is earnestly urged that there is no corroboration of the testimony of the prosecutrix that the defendant was the person who had sexual intercourse with her. An examination of the record discloses this to be a fact, unless

we consider that evidence of opportunity is corroboration. It, however, is not necessary to decide this point. It has long been the rule of this court that corroboration as to the identity of the person charged with rape is not necessary to sustain the charge. *Noonan v. State,* 117 Neb. 520.

We perceive no good and sufficient reason for a departure from that rule in this case. There can be no more reason for requiring corroboration as to the identity of the person charged with rape than the identity of one charged with any other major offense; but there is good reason for the requirement that there shall be corroboration of the prosecutrix which may consist of circumstances and is not limited to the principal fact. *Swogger v. State,* 115 Neb. 621.

There is a strong probability that a woman of previous good repute, when called upon to relate facts surrounding sexual relations, will give an account which negatives rather than affirms acquiescence or voluntary participation.

The defendant complains of instruction No. 5, relating to the question of corroboration. The instruction in its first paragraph sets forth correctly the general rule with reference to corroboration of the prosecutrix in this case. In the second paragraph the jury are told in part, the following:

"The unsupported testimony of the prosecutrix, or assaulted party, may be sufficient to identify the assailant if, when together with all other facts and circumstances in evidence, it convinces the jury of such identity beyond a reasonable doubt."

This is a correct statement of the law when considered along with other parts of the instruction, and without it, or language of similar import, the instruction would have been incomplete. We cannot, therefore, find any error in this portion of the charge to the jury when considered with the other instructions given by the court.

We have considered all other assignments of error and in them find no merit. The judgment of the district court was correct, and is

AFFIRMED.