CARMEN K. WADE, APPELLANT, v. JEROME HICKS, APPELLEE.
218 N. W. 2d 222

Filed May 16, 1974. No. 39329.

William L. Monahan and John Q. Brennan, for appellant.

Gene Mezaell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action brought to establish the paternity

of a child born out of wedlock. At the conclusion of plaintiff's evidence, both parties rested. The court dismissed the case on the ground that plaintiff's testimony was not sufficiently corroborated. We reverse.

Plaintiff testified that both she and the defendant were residents of an Omaha hotel from May 1971, to at least January 1972. Plaintiff resided on the fifth floor and defendant on the fourth. They became acquainted in June and first had sexual relations on July 9, 1971. This relationship continued through September 1971. Plaintiff became pregnant in August and gave birth to a child on May 26, 1972. Plaintiff denies having intercourse with any other person between April 1971, and May 1972.

Defendant's answer consists of an unverified general denial. He did not testify or otherwise deny plaintiff's testimony but in answers to interrogatories, he admits both parties lived at the hotel and that he once had sexual relations with plaintiff at the hotel in June 1971.

Section 13-112, R. R. S. 1943, provides in part: "The uncorroborated testimony of the mother shall not alone be sufficient to support a verdict or finding that the alleged father is actually the father." In determining the sufficiency of corroborative evidence resort is frequently had to cases involving rape. These cases hold as follows: "Under our statute a defendant cannot be convicted of rape upon the wholly unsupported testimony of the person against whom it is alleged that the crime was committed. If she testifies positively and consistently to the facts constituting the crime, other evidence of opportunity and disposition on the part of defendant to commit the crime will furnish sufficient corroboration." Dawson v. State, 96 Neb. 777, 148 N. W. 957. See, also, Aller v. State, 114 Neb. 59, 205 N. W. 939.

" 'The rule is settled in this state that in cases of rape unless the testimony of the prosecutrix is corroborated

on material points, where the accused testifies as a witness on his own behalf and denies the charge, her testimony alone is not sufficient to warrant a conviction.' * * * 'But this rule is qualified by the other principle that it is not essential that she be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn.'" Texter v. State, 170 Neb. 426, 102 N. W. 2d 655.

"The Nebraska rule requiring certain corroboration of the prosecutrix in prosecutions for rape and assault with intent to commit rape does not extend to, or include, the question of the identity of the accused, and in such cases the unsupported testimony of the prosecutrix may be sufficient to identify the guilty party if the commission of the offense has first been established." Noonan v. State, 117 Neb. 520, 221 N. W. 434, 60 A. L. R. 1118. See, also, Havens v. State, 126 Neb. 125, 252 N. W. 800.

In the present instance the defendant failed to testify; he has admitted that both parties lived in the hotel and that he there indulged in a sexual relationship with plaintiff. He thereby concedes that there was both an inclination on his part to participate in a sexual relationship with plaintiff and that the opportunity to do so existed. That someone did indulge in such a relationship with plaintiff in the month of August is established by the birth of the child. It is not contended that anyone else had sexual knowledge of the plaintiff and her positive identification of defendant as the father stands unchallenged. Under all the circumstances we believe defendant's admissions are sufficient to corroborate plaintiff's testimony within the purview of the statute.

The judgment of the District Court is reversed and the cause remanded with instructions to enter judgment for plaintiff in such sum as to the court may appear to be just and equitable.

REVERSED AND REMANDED.

CLINTON, J., dissenting in part.

I agree the court erred in holding the corroboration was insufficient. The cause should be remanded for a new trial. It is not clear from the judgment whether the trial court accepted plaintiff's testimony, or rejected it and simply assigned lack of corroboration as the reason for the adverse decision. This is not an action in equity triable de novo in this court.